MICHEL
*vs.*
DAVIS'S HEIRS.

MICHEL *vs.* DAVIS'S HEIRS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE
PARISH OF EAST BATON ROUGE, THE JUDGE THEREOF PRESIDING.

In an action of partition, in which the plaintiff claims to be joint owner of
one half of the land, the joint petition of him and defendant to the
register and receiver, claiming the same land, and their joint answer to
a suit against them for it, *are* admissible, in evidence, to show the
respective rights of the parties.

This is an action of partition. The plaintiff alleges he
is joint owner of one undivided half of a tract of six hundred
and forty acres of land, situated in the parish of East Baton
Rouge, and confirmed to one John Fridge, by commissioners'
certificate, in August, 1823; that the late D. Davis acquired
title to the other half of this tract, (three hundred and
twenty acres,) and that an order of survey issued from the
land office, the 21st of December, 1825, in favor, jointly, of
both of them; and until lately he has had the peaceable
possession of three hundred and twenty acres, taken from the
south end of the tract; that since the death of Davis, his
widow and heirs have taken possession of both ends of the
said tract, and planted a crop, after demolishing the buildings
and improvements placed thereon by the petitioner. He
prays that a partition be decreed between him and the
defendant, and that he have judgment for five hundred
dollars, in damages, for the injury sustained by their
unlawful acts. .

The defendants excepted to the jurisdiction of the District
Court, averring that the case was exclusively cognizable by
the land commissioners; and that they held the commis-
sioners' certificate for the same land, in their own right.

On the merits they pleaded a general denial, and averred
that Fridge, the pretended vendor of the plaintiff, was an
intruder on the land in question, and did not acquire any
title by the certificate, the same having been fraudulently

obtained ; that they acquired a just title, and hold in good faith, the land having been confirmed to them by several acts of congress. They pray that the plaintiff's demand be rejected, etc.

The plea to the jurisdiction was overruled by the court. Upon the remaining pleadings and issue the case was tried before the court and a jury.

The evidence showed, that the plaintiff and the ancestor of the defendants, acquired jointly, the rights of J. & B. Fridge, to the section of six hundred and forty acres of land, which the plaintiff sues, to have divided by a legal partition.

On the trial, the plaintiff offered in evidence, the *joint* petition of the plaintiff, and Davis, the ancestor of the defendants, to the land commissioners about the land ; and also their *joint answer* in the suit of Bergel against them, for the same land, to show that they had always claimed and held the land as joint owners. The evidence was objected to, and admitted by the court, and a bill of exception taken.

The jury returned a verdict for the plaintiff, and after an unsuccessful attempt to arrest judgment rendered thereon, on the ground that the court had no jurisdiction, the defendants appealed.

*A. N. Ogden*, for the plaintiff.

*Elam*, for the defendants.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff in this case sues for a partition of a tract of land, which he alleges he holds in common with the defendants. There was judgment in his favor and the defendants appealed.

They allege, in their answer, that they are proprietors of the whole tract.

The plaintiff derives title from John Fridge, who sold him one undivided half of a tract of land of six hundred and forty acres, claimed by him, in virtue of a commissioner's certificate. He further presents a document signed by the

EASTERN DIST.
March, 1838.

MICHEL
vs.
DAVIS'S HEIRS.

plaintiff, and David Davis, the ancestor of the defendants, in which they represent themselves as joint owners of the section of land in question, and ask of the land commissioners an order of survey. This evidence is further fortified by the fact, that Davis was not himself an original settler, but purchased only part of a section, and claimed a certificate as assignee. It further appears, that he united with the present plaintiff, in the defence of an action brought against them jointly for the same land.

The apparent confusion in this case has arisen from the admitted fact, that two certificates were issued for the same improvement, but afterwards one of the certificates appears to have been lost sight of, or merged in the others, and only six hundred and forty acres surveyed for the two claimants.

In an action of partition, in which the plaintiff claims to be joint owner of one-half of the land, the joint petition of him and defendant to the register and receiver, claiming the same land, and their joint answer to a suit against them for it, *are* admissible in evidence to show the repective rights of the parties.

We are of opinion the court below did not err in permitting to be read to the jury, the joint petition of the plaintiff and Davis to the register and receiver, for a survey of the land, and their joint answer in the suit of Bergel against them. Both tend to show that the parties regarded each other as joint owners of the land. The plea to the jurisdiction of the state court, was properly overruled. So far as the register and receiver had a right to take cognizance of the question between the parties, they appear to have decided that they were entitled each to one undivided half of a section.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.