CITY BANK OF NEW ORLEANS *v.* WALDEN.

To support a plea of *lis pendens*, the cause of action in the two suits must be alleged and shown to be the same.

The stat. of 10th March, 1834, for the further assurance of the titles of purchasers at judicial sales, relates only to informalities in the decrees under which judicial sales are made, or in the proceedings connected with such sales. It extends only to matters of form, and does not operate on any matter *dehors* the proceedings.

A judgment dismissing a bill in chancery, rendered on a demurrer which embraced the whole merits of the case, will support a plea of *res judicata.*

APPEAL by the assignee of Walden, a bankrupt, from a judgment of the District Court of the First District, *Buchanan,* J., dismissing an opposition made by the assignee to the homologation of a monition sued out by plaintiffs.

*Lockett* and *Micou,* for the plaintiffs.    *G. W. Christy, F. B. Conrad* and *Hoffman,* for the appellant.

The judgment of the court was pronounced by

EUSTIS, C. J.    The City Bank of New Orleans, having purchased certain real estate in the Second Municipality at sheriff's sale, applied, on the 23d of January, 1843, to the District Court for confirmation of their title, under the monition law of 1834.

The sale was made under an order of seizure and sale issued from said court, at the instance of the appellees, against Daniel T. Walden, on the 27th June, 1842.

The confirmation of the sale was opposed by the assignee of Walden. The opposition, which was filed on the 28th February, 1843, alleged that a suit was then pending before the District Court of the United States for the Eastern District of Louisiana, between the assignee of Walden, in bankruptcy, and the appellees, in which the assignee was claiming this very real estate *because of certain defects in and the nullity of said pretended sheriff's sale,* and averred that until the decision of that suit no proceedings can be had in relation to the monition.

The opposition then states that, on the 18th of June, 1842, Walden applied for the benefit of the bankrupt law, and, on the 18th of July following, was decreed a bankrupt; that this real estate formed part of his property surrendered to his creditors; that the appellees acquired no valid title to the real estate purchased, by reason of the bankruptcy of defendant, the sale having been made subsequently to the application of Walden in the bankrupt court.

The opposition goes on to charge the consequences of the application for bankruptcy on the rights of the appellees as creditors, as affecting the validity of the sale in question; that the appellees had full knowledge of the proceedings; that there was no proper party to the proceedings under which the sale was made, after the application of Walden to the bankrupt court; and that the real estate was sold *without the formalities required by law for the forced alienation of property having been complied with.* It contains other allegations, mostly inferential, which it is not material to the present inquiry to repeat. The appointment of the assignee is not questioned.

On the 6th June, 1845, this case came on for a hearing before the District Court.

The suit in the District Court of the United States, which the assignee had pleaded as *lis pendens*, was, in May, 1845, decided against the assignee.

The bill of the assignee, on a demurrer which embraced the whole merits of the case, had been dismissed.

Where a suit is dismissed upon a hearing on the merits, it is ordinarily a bar to another bill; but where there is a reservation *without prejudice*, or the grounds of the dismissal are some defect of form not going to the merits, it is no bar to a suit for the same subject matter. Story's Equity Pleadings, § 456, and notes.

There was then an end of this suit, and it could present no longer any impediment to the decision of the court, under the monition law of 1834.

The assignee of Walden then made application to the District Court for leave to assign a further ground of opposition to the confirmation of the appellees' title, and that was that a suit was then pending, which the counsel for the assignee stated had been filed the day before, in the Circuit Court of the United States for the Fifth Circuit, Eastern District of Louisiana, between the assignee and the appellees, in which the assignee claims the real estate in question, and that the validity of the appellees' title, and *the legality of the sheriff's* sale of the 27th June, 1842, are therein contested and put at issue. This was assigned as a cause for suspending any further proceedings in relation to the confirmation of the title of the appellees.

The District Court overruled this application. The opposition of the assignee was afterwards dismissed, and the sheriff's sale homologated and confirmed.

In our opinion the District Court did not err, in refusing to allow the assignee to file his additional opposition as before recited.

In order that the existence of another suit should, in any event, suspend proceedings like these, it certainly must be alleged to be for the same cause of action. There is no such allegation—the assignee claimed the property itself, and the inquiry in the suit in the Circuit Court relates to *the validity of the appellees' title, and the legality of the sheriff's sale.* In what respect was the sale illegal? What is the illegality complained of? Was it of form, or substance? The monition act only purports to cover illegalities of form, and these were not alleged to be in controversy in the Circuit Court suit.

Take the allegation of the assignee, that there was no proper party to the proceedings under which the property was sold, subsequent to the application in bankruptcy. This is an *illegality* in the sale, on which the assignee of course relies, as he has formally alleged it. But this defect, if it existed, would not be covered by the monition act. It is clear that whenever a plea of *lis pendens* is made, the identity of the causes of action in the two suits must be alleged, and not left to inference and conjecture. In this case there is no such allegation, and the application of the assignee ought not to have been allowed.

There are other grounds on which we should come to the same conclusion. After the termination of the suit in the District Court, the case rested on the issues made up by the assignee in his opposition, and it was not competent for him, by instituting afterwards a suit in another court, to prevent the action of the District Court in a matter of which it had lawfully jurisdiction and cognizance.

The monition act of 1834, under which the present proceedings are instituted, was passed for the protection of *bonâ fide* purchasers at judicial sales from litigation concerning matters of form, a non-observance of which by public officers frequently exposed purchasers to unreasonable and vexatious suits. The difficulty of administering and preserving proofs of the observance of formalities,

rendered cases of this kind, in the hands of the unscrupulous, the instruments of great annoyance and expense to those who had purchased and paid for property exposed for sale under the authority of our courts.

This law relates to informalities in the decrees under which judicial sales are made, and to irregular, illegal and defective proceedings connected with the sales.

We do not understand the operation of this act to extend beyond matters of form, nor that it purports to operate on any matter *dehors* the proceedings. 12 La. 560. 16 La. 590.

So far as relates then to the subject embraced within this law, and which is now before us, we find the sale legal and regular.

Were we to go out of this law, and consider the other matters urged by the assignee in his opposition, we should oppose to him the judgment of the District Court of the United States on his bill, which we have before noticed, and which stands as *res judicata* in favor of the title of the plaintiffs and appellees.

All the allegations of the opposition are re-stated in this bill, as grounds for defeating the appellees' title under the sheriff's sale. The judge, in his opinion in this case, considers the proceedings under the order of seizure and sale as not affected by the proceedings in bankruptcy.

*Judgment affirmed.*