No. 204.—CONSOLIDATED ASSOCIATION OF THE PLANTERS OF LOUIS-IANA *v.* JAMES W. MASON et als.

If the judge *a quo* has omitted or failed to sign a judgment dismissing the action on exception filed by the defendant, such failure or omission will not authorize the plaintiff to abandon the suit, because the plaintiff or defendant may have such judgment signed by the presiding judge.

A judgment dismissing the suit on exceptions filed by the defendant is a final judgment against the plaintiff, and forms *res judicata* as between the parties to the action.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray, J. Morrison & Farmer,* for plaintiffs and appellants. *Stubbs & Cobb,* and *Richardson & McEnery,* for defendants and appellees.

LUDELING, C. J. This is an hypothecary action to enforce the stock mortgage executed by Mason and wife against property in the possession of the estate of J. Hart and of E. Tisdale, and for a personal judgment against the estate of Mason.

The defendants filed the following exception: "That on the twenty-eighth day of October, 1868, plaintiff filed in your honorable court a suit entitled 'Consolidated Association *v.* J. W. Mason's Estate,' No. 800 on the docket thereof, plaintiffs in said petition being the same, defendants the same and the cause of action the same, which said suit was dismissed at plaintiffs' costs on peremptory exception filed therein by James Hart, third possessor of the alleged mortgaged property, by Hon. Thomas H. Crawford, judge of said court, on the eleventh of September, 1869, as will appear by reference to the record of said suit

hereto annexed and made a part hereof. Your appearers allege that said judgment so dismissing plaintiffs' action is as to said succession and all parties holding under it, *final* and *res judicata*. Whereupon they pray that as to the estate of Hart and all those holding titles under it to said property, plaintiffs' petition be dismissed and for general relief, etc."

The record before us shows substantially the following facts

That the plaintiff, defendants and the cause of action are the same in suit No. 800 of the docket of the District Court of the parish of 'Ouachita, and in this case. That in the former suit Hart for himself and his vendee, Tisdale, filed the following exception

"That the land and immovables now owned by this appearer and the portion sold by him to Tisdale, now sought by plaintiffs to be held subject to their mortgage against Mason, is not and never has been subject to said mortgage in the hands of this appearer or any third person, for the reason that said immovable has never been precisely described as to its situation in the act of conventional mortgage attached to plaintiffs' petition as required by law. *Second.* That the record of the mortgage sought to be enforced by plaintiffs in this case is unconstitutional, null and void, and not binding on this appearer or any third person, for this, that the public act of mortgage sought by plaintiffs to be enforced in this case is and has ever been in the French language, and not in the language in which the constitution of the United States is written, contrary to the constitution and laws of this State." And the estate of Mason filed the following exception: "That the charter of the bank of the Consolidated Association has been declared by law forfeited, and that the president and directors of said bank, whose petition defendant is called upon to answer, are without authority to sue and can not stand in judgment."

That these exceptions were argued and taken under advisement on the eighth and ninth day of September, 1869, and on the eleventh of September, 1869, the following entry was made in the minutes of the court: "Judgment—Exceptions filed by all the parties sustained, and the suit dismissed."

No other judgment appears in the record, nor is its absence explained in the record. Subsequently an appeal was prayed for, an order of appeal was granted, bond was given, and the appellees were cited; but the transcript was never filed in this court, which fact appears from the certificate of the clerk of this court given to the appellees.

The judge *a quo* sustained the plea of *res judicata*, and the plaintiffs have appealed. It is contended that the judicial admission of the plaintiffs in their petition for an appeal estops them from now denying that there was a *final* judgment in suit No. 800. We do not think so. If the judgment was not written up and signed, and the plaintiffs'

attorneys by some oversight applied for an appeal prematurely, we can not think that their clients are forever after concluded by this mistake. Neither are we prepared to say that the judgment was not signed; everything in the record before us, except the absence of the judgment itself, tends to show that there was such a judgment, and there is no evidence to show it was not signed. But even if the judgment was not signed, and, therefore, if it did not *technically* constitute *res judicata*, still we believe that the exception to the new suit should be maintained and the suit should be dismissed, because the proof in this record shows that suit No. 800 was tried and decided. If it is not a *final judgment*, it is because of the neglect of the judge *a quo* to sign it, and either party has the right to have that judgment signed by the presiding judge. It would be inequitable and harassing to defendants to permit plaintiffs to abandon their suits after a judgment had been pronounced against them, and to institute new proceedings for the same cause of action by failing to have the judgment signed.

The plaintiffs insist that the judgment is not *res judicata* because it dismissed the suit. The extract from the minutes shows that "the exceptions filed by all the parties *are sustained* and suit dismissed." This was a judgment in favor of defendants, and though it dismissed the suit, it was not a *nonsuit*. It decided that the pretensions of the plaintiffs were illegal, null and void.

It is therefore ordered and adjudged that the judgment of the District Judge be affirmed with costs.