No. 10,734.

MISS IDA DURBRIDGE VS. CHARLES H. CRAWLEY ET ALS.

A suit should not be dismissed for inconsistency and improper cumulation o causes of action, in having cumulated an action of partition with a petitory action.

Demands not inconsistent may be brought in one petition, when between the same persons, in the same capacity, and when they are not contrary to each other, both as to the cause of action prayed for and the relief.

A PPEAL from the Twenty-fourth District Court for the Parish of St. Bernard. *Livaudais, J.*

*Geo. C. Walshe,* for Plaintiff and Appellant, cited: C. P., Art. 151; 34 An. 204.

*Henry Chiapella* for Warrantor and Appellee, and *Drolla & Augustin* for Defendants and Appellees, cited: C. P. 148, 149, 150, 152; C. P. 43 *et seq.*; R. C. C. 1289 *et seq.*, 1308, 1309, 1304; Bonjean (Traité des Actions), 2 Vol. pp. 244, 248; Ortolan (Instituts), 2 Vol. p. 533; Pothier (Pandects), 4 Vol. pp. 535, 539, 551; Morris vs. Lalaurie, 34 An. 204; McCall vs. Irion, 40 An. 690; LeBlanc vs. Robertson, 41 An. 1021; Troplong (Prescription), Secs. 243, 244.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sues to recover one-fourth of a tract of land and improvements situated in the parish of St. Bernard.

She alleges that this property was acquired by her late father,

William Durdridge, during the existence of the community which existed between him and her mother, who died in the City of New Orleans, in 1867.

That there were three children issues of the marriage, one of these is deceased, another is made defendant in this suit, and the third is petitioner.

That this property was sold at sheriff's sale in execution of a judgment against William Durdridge, individually, for a debt contracted after the death of his wife, although one-half was the property of her heirs, of which she as an heir claims her share.

That since this sale was made several conveyances have been made of the whole property (the last to Robert M. Flautt and Charles H. Crawley). That the latter and the heirs of the former are in possession and claim to be owners.

She alleges her right to a partition; that the property can not be divided in kind, and a sale is necessary; she claims rent from judicial demand, and to be recognized as an heir of her mother and sister.

She prays for a judgment recognizing these rights, and to be placed in possession as an heir. She also prays for a partition.

The defendants filed separate answers denying plaintiff's allegations, and plead that they are purchasers and have had continued and uninterrupted possession since more than ten years.

They also plead prescription and have cited their vendor in warranty. Prescription cuts no figure in this appeal as the suit was discussed solely on the plea of illegal cumulation of demand. The warrantor excepts to plaintiff's action also to the call in warranty on different grounds, which we summarize as follows, viz:

That a suit can not be maintained for a partition when the defendants claim to be sole owners under title translative of property; and that an action of partition can not be cumulated with a petitory action and a claim for rent.

The exception was maintained.

From the judgment of dismissal plaintiff prosecutes this appeal.

The Code of Practice provides that demands not inconsistent may be brought in the same petition. Arts. 149, 151, C. P.

The judicial interpretations of these articles maintain the cumulation of demands when they are between the same persons in the same capacity, and are not contrary to each other, both as to the cause of action prayed for and the relief.

In the case at bar the causes of action tend to the same conclusion.

The petitory action to recover an undivided interest is a step in the direction of a partition which may be immediately followed by a partition.

In the case of the heirs of Davis vs. Elkins, 9 L. 147, it was held that "a partition might perhaps have been decreed in the same suit according to the prayer of the petition."

It seems to be apprehended that this cumulation may prove prejudicial to the defence; that questions relating to prescription may arise which will be confusing.

The following extract from the decision just quoted meets the suggested difficulties:

"But simply stating themselves as owners in common with the defendants can not preclude the latter from disputing the rights of the former, and setting up the title in opposition to the claim made."

It is in this respect primarily an action in revendication involving the prescription of ten and twenty years.

The same method of pleading was maintained in the case of LeBlanc vs. Robertson, 41 An. 1028, i. e. "that the prescription applying to each of the cumulated demands remains unchanged."

The question of cumulated demands was considered in the case of Morris vs. Lalaurie, 34 An. 204. It was decided: "There is no inconsistency in coupling his demand of a petitory character with that for a partition and thereby avoid a multiplicity of suits."

Plaintiff claims a community of interest with the defendants in the property in question.

The denial of this·interest by the defendant and the warrantor does not make it necessary to resort exclusively to a petitory action to establish it. The court hears the demand; if founded, the partition should be ordered. It is not because defendant and warrantor choose to deny the allegation of common ownership, that none exist. If it exists, it may as well be proven in a petitory action cumulated with an action of·partition, as in the former without the cumulation.

The rental claimed by the plaintiff against the defendant, does not present an issue inconsistent or contradictory to the others pleaded. It is a claim frequently made in petitory actions.

The prayer made by the plaintiff for judgment recognizing her as an heir of her mother and sister, is not repugnant to, or inconsistent with, the other demands.

The order of recognition might have been obtained *ex parte;* it is prayed for contradictorily with the defendant and warrantor.

An heir can sue directly, without having been recognized as an heir by the probate court, and prove his heirship and his right to recover as an heir. "All that can be required of him is to furnish satisfactory evidence of his right to inherit." Miller vs. Rongieus, 20 An. 577; Tugwell vs. Tugwell, 32 An. 853; LePage vs. New Orleans Gas Light Co., 7 R. 183; DeOisald vs. Lobdell, 2 L. 303.

We therefore hold that a suit should not be dismissed for inconsistency and improper cumulation of causes of action, in which plaintiff prays for judgment recognizing her as heir of one-fourth of a certain tract of land and to be put in possession; for a sale of the property to effect a partition, and for a money judgment for rent.

The writings of certain French commentators referred to and quoted by counsel for defendants and for warrantor have arrested our attention as models of reasoning on the subject of partition and actions for partition, but they can not prevail against the plain propositions of our Codes, and the construction placed upon them by this court. They afford every protection, and the permitted cumulation is not prejudicial to the rights of defendants and warrantor.

It is ordered and decreed that the judgment appealed from be annulled and reversed; that the suit be reinstated and proceeded with in accordance with law; the appellee to pay the costs of appeal.