(89 South. 631)

No. 24456.

### KNAPP v. DUPONT et al.

(June 30, 1921. Rehearing Denied Oct. 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Partition** ⊜⇒77(4) — **Refusal to hear evidence whether immediate sale would be unfair held error.**

Although Civ. Code arts. 1289, 1304, 1328, provide that no one can be compelled to hold property with another unless having so agreed, and that a judge in a partition action shall act summarily, where he first ruled it unnecessary to consider whether it would be unfair to order

an immediate sale of the property until after deciding whether he might order a division in kind, it was error when the question was presented thereafter to reject evidence as to immediate sale being unfair and order it, where an issue had been raised as to another action so affecting the title as to prejudice bidding by others than the plaintiff and another acting with him.

2. **Partition** ⊜⇒77(3)—**Motive of plaintiff for seeking immediate sale, while title was in question, to monopolize bidding, held to require investigation.**

In a tenant's partition proceeding where another action involving title was pending, plaintiff's motive in seeking an immediate sale while only himself and another acting with him could safely bid *held* to require investigation.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; H. M. Wallis, Jr., Judge.

Action by Arthur Knapp against A. M. Dupont and another. From a judgment ordering partition by licitation of land alleged owned jointly and the division of the proceeds, the defendants appeal. Judgment annulled, and cause remanded.

Donelson Caffery, of New Orleans, and Allen J. Ellender, of Houma, for appellants.

H. M. Bourg, of Houma, Foster, Looney & Wilkinson, of Shreveport, and W. O. Wilkinson, of Shreveport, for appellee.

O'NIELL, J. Defendants appeal from a judgment ordering a partition of a tract of land, or two adjacent tracts, alleged by plaintiff to be owned by him and defendants jointly. The partition was ordered to be made by licitation; that is, by a sale of the property at public auction and a division of the proceeds.

Answering the appeal, plaintiff prays that the judgment be amended by condemning the defendants to pay all court costs, instead of taxing each party for his proportion of the costs.

In his petition plaintiff claimed a third interest in the land, having bought it from

W. B. McCormick, who had bought from defendants. Plaintiff admitted that defendants were the owners of the remaining two-thirds interest in the land. He alleged that it was mineral land, being in the proven gas field of Terrebonne parish, and that it could not be conveniently divided in kind.

Before answering the petition, defendants filed an exception, claiming that the suit should be held in abeyance until the determination of a petitory action then pending, entitled A. M. and J. C. Dupont v. I. N. Knapp and the Atlas Oil Company, No. 8115 of the docket of the district court, the suit being a contest over the two-thirds interest claimed by the exceptors. They alleged that Arthur Knapp had bought the outstanding third interest in the property with knowledge of the pendency of the petitory action, notice of which had been recorded in the office of the recorder of mortgages. They alleged that Arthur Knapp was a near relation of I. N. Knapp, defendant in the petitory action, and had bought the outstanding third interest in the land for the purpose of circumventing and defeating the petitory action, by forcing a sale of the land before the question of title could be decided, and that Arthur Knapp had no real or personal interest in the land, and had acted in the matter solely in the interest of I. N. Knapp, and in furtherance of a conspiracy between the Knapps to have the property sold at a time when, because of the pending litigation over the two-thirds interest, outsiders could not safely bid at an auction sale, and there would therefore be no competition in the bidding. They averred that the purpose and object of the alleged conspiracy, therefore, was to commit a fraud upon the law. The exception was overruled.

Answering the petition, defendants admitted that they owned two-thirds interest in the land, but demanded strict proof of plaintiff's ownership of the other third interest. They denied that the land could not be con-

veniently divided in kind. They repeated the allegations which had been made in their exception to the suit. And they prayed that, if plaintiff should succeed in proving his alleged ownership of an undivided third interest in the property, the partition should be deferred until the determination of the petitory action between them and I. N. Knapp and others, and, if a partition should be ordered, it should be made by a division of the land in kind.

In his written opinion the district judge gave three distinct reasons for overruling defendants' exception to the suit. His first reason was that the exception could not be sustained as a plea of lis pendens, because: (1) The petitory action and the partition suit were not pending in different courts of concurrent jurisdiction; (2) the parties to the two suits were not the same; and (3) the two suits had not the same object or the same cause of action. The second reason given for overruling the exception was that defendants could not question, and the court should not consider, the motive which might have influenced the plaintiff in the exercise of what seemed to be his legal right. The third reason given for overruling the exception was that the fear expressed by the exceptors that the property might be sacrificed if sold at public auction was premature, because the court might decide to order a division of the property in kind. In that connection the judge said that the allegation in plaintiff's petition that the land could not be conveniently divided in kind might be contradicted by positive proof that the land could be conveniently divided in kind, in which event the court would order such division.

On trial of the case on its merits the judge sustained plaintiff's objection to defendants' introducing in evidence the record or pleadings in the petitory action. The judge also sustained plaintiff's objection to defendants' introducing in evidence the depositions of plaintiff, being his answers to interroga-

tories propounded to him, as on cross-examination, by defendants' counsel, for the purpose of proving that he had no real or personal interest in the matter and was only interposed for the purpose charged in defendants' exception and answer to the suit. Inasmuch as plaintiff had already introduced his evidence to prove that the land could not be conveniently divided in kind, the rulings, excluding all evidence going to show that it would be unfair to offer the property for sale at public auction at that time, were, in our opinion, inconsistent with the main reason which the judge had given for overruling the exception to the suit; that is, that it was then premature. The judge did not give any written reason for his final decree ordering an immediate sale of the land, except to say that it was "by reason of the law and the evidence being in favor thereof."

Counsel for appellee argue that the right of each and every co-owner to demand a partition of property held in indivision is absolute, may be exercised at any time, and is not subject to any defense except to require proof of the plaintiff's interest in the property. They rely upon articles 1289, 1304, and 1328 of the Civil Code, viz.:

"Art. 1289. No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition."

"Art. 1304. The action of partition can not be prescribed against, as long as the thing remains in common, and such community is acknowledged or proved.

"Thus, though coheirs have enjoyed their hereditary effects in common for an hundred years and more, without making a division, any of them can, at any time, sue for a partition."

"Art. 1328. The judge, before whom the action of partition is brought, is bound to pronounce thereon in a summary manner, by which is always meant with the least possible delay and in preference to the ordinary suits pending before him."

Counsel for appellee also cite and rely upon the rulings in Reynolds v. Reynolds, 43 La. Ann. 1118, 10 South. 303, and in Land v. Smith, 44 La. Ann. 931, 11 South. 577. The question presented in the case before us was not decided or put at issue in either of the cases cited. In Reynolds v. Reynolds the court dismissed the appeal because, after the judgment had been rendered ordering a partition, from which the appeal was taken, the parties had consented that the partition should be made by a public sale of the property and a division of the proceeds. The first paragraph of the syllabus is not quite appropriate, viz.:

"The right of co-owners of property to demand a partition thereof is absolute; and, where the co-ownership is admitted, an appeal does not lie from a simple decree of partition."

The second paragraph explains the ruling, viz.:

"When besides admitting co-ownership the parties have consented to the method and terms of partition fixed in the decree, they have nothing left subject to appeal."

In the opinion quoted the court referred to Stokes v. Stokes, 6 Mart. (N. S.) 350, in support of the doctrine that there was no right of appeal from a decree of partition. In that case the appeal was dismissed on the ground that it was premature. It appears that the order was for a division of an estate in kind, but it does not appear that there was any real estate to be divided. The ruling was that the defendant had no right of appeal before the partition was effected and homologated, after which he might appeal from the judgment of homologation if not satisfied.

In Land v. Smith the land that was ordered divided in kind had only a speculative value, depending upon its being levied and drained and reclaimed from overflow. The argument of the defendant in the partition suit was that it would be to the advantage of all of the co-owners to hold the property in indivision and by co-operation reclaim it from overflow. The court ruled that the defense

or argument was without merit, because one co-owner could not compel another to await the speculative value of the land, or to contribute to its improvement. Referring to that decision, in Succession of Becnel, 117 La. 744, 42 South. 256, it was said:

"This court correctly rejected as unwarranted in Land v. Smith, 44 La. Ann. 934, 11 South. 577, the right claimed by the defendant to hold the property for an indefinite time for speculative purposes, and to reach possible increased value; but that proposition differs from a prayer made and submitted to the court for a short postponement of a sale in partition in order to avoid immediate injurious consequences from existing causes. We think that on that issue the parties should at least be heard, leaving to the court to reject the prayer if found to be incompatible with the right of the plaintiff to have the partition made within a reasonable delay."

In the case from which we have just quoted, Succession of Becnel, it was said that the refusal of the district judge to consider the question whether the partition sale should be postponed until the crop on the land could be harvested was evidently based upon the theory that article 1289 of the Code announced, as an unbending rule, that, when a co-owner of property demanded a partition, it should be made immediately, without regard for existing conditions which might make it in the interest of the defendant, without being prejudicial to the plaintiff, that the partition should be postponed. It was said that the district judge had construed the requirements of the law too rigidly; that it was not intended, as a cast-iron rule of action, to deprive the court of all discretion in the matter; and that a situation might be presented where it would be disastrous and unfair to the defendant to force a partition immediately, and be very judicious, and not violative of the rights of any one, to postpone the partition sale for a few months.

[1, 2] The judge's method of disposing of the issue presented by defendants' exception, and repeated in their answer in this case, deprived the defendants of a hearing on that issue. The judge first ruled that it was not necessary to consider the question whether it would be unfair to order an immediate sale of the property until he would decide whether a sale would be necessary at all, because, as he said, he might conclude to order a division of the land in kind. Thereafter, when the question was presented whether the land should be sold or divided in kind, the judge refused to hear evidence upon the question whether an immediate sale would be unfair under the circumstances, and, without further considering that question, he ordered an immediate sale of the property. Our opinion is that defendants were entitled to a consideration and determination of the question of their right to have the partition sale postponed until the question of title at issue in the petitory action could be decided. A partition sale would not convey a valid title if it should ultimately be decided in the petitory action that the defendants in this partition suit do not own the two-thirds interest claimed by them. If the property should be offered for sale at public auction now, while the defendants' title is being contested in the petitory action, a bidder would very likely insist upon withholding the purchase price until a determination of the question of title in the petitory action. In that event an immediate sale would not expedite matters. On the other hand, it would be prejudicial to the defendants in this suit, because the doubt about the title would deter bidding. If it be true that the two Knapps have in mind the object charged by defendants, and if the plaintiff here has no real or personal interest in the matter and is merely furthering the interest of the defendant in the petitory action, no one could safely buy the property at a public sale before the determination of the question of title in the petitory action except the two Knapps, or either of them. If either of the defendants in this suit, or an out-

sider, should buy the property at the partition sale, he would have to reckon with the claim of I. N. Knapp in the petitory action. If either of the Knapps should buy the property at the partition sale, he would have only the other Knapp to deal with. As a general rule, the courts are not concerned with the motive that prompts a person in the exercise of his legal right. But the rule presupposes an absolute right. If the question whether there is a right depends upon the motive of the party asserting it, if the consequence would be just or unjust, according to the motive of the party asserting the right, the motive ought to be investigated.

Our opinion is that the defendants in this case should be allowed to prove, if they can prove, the charge that plaintiff's demand to have the land sold before the question of title can be determined in the petitory action is in furtherance of an agreement between him and the defendant in the petitory action to monopolize the bidding. If it be proven that the plaintiff in this suit has no real or personal interest in the matter and is merely subserving the interest of the defendant in the petitory action, with the object of monopolizing or suppressing bidding at the partition sale, the property should not be offered for sale to effect a partition until the question of title shall have been determined in the petitory action. A defendant in a partition suit has an interest not only in the price to be obtained by a public sale of the property, but also in the validity of the title to be conveyed. Hewes v. Baxter, 45 La. Ann. 1049, 13 South. 817.

The judgment appealed from is annulled, and it is ordered that this case be remanded to the district court for further proceedings not inconsistent with the foregoing opinion. Plaintiff, appellee, is to pay the costs of this appeal. All other costs are to depend upon the final judgment.