49 So.2d 751 (1950)
218 La. 433
NORAH
v.
CRAWFORD.
No. 39382.
Supreme Court of Louisiana.
November 6, 1950.
Rehearing Denied December 11, 1950.
*752 Claude L. Johnson, New Orleans, for defendant-appellant.
William M. Campbell, Jr., Harry R. Cabral, New Orleans, for plaintiff-appellee.
DORÉ, Justice ad hoc.
Joseph Norah instituted this action on April 7, 1947, to effect a partition by licitation of certain real estate in the City of New Orleans (bearing Municipal Nos. 3612-14 Erato Street), together with the movables located on the premises, he alleging that he and Edward Crawford, the defendant, are co-owners in indivision thereof in the proportions of one-half to each. Norah further alleged that the property had been purchased by Edward Crawford and Louise Williams Crawford (deceased) and that he acquired the latter's one-half interest through and in her succession proceedings, being No. 272-704 on the docket of the Civil District Court for the Parish of Orleans. (In such proceedings, as shown by the record, an ex parte judgment was signed on December 30, 1946, recognizing Joseph Norah "as the sole heir at law of his deceased mother, Louise Williams, wife of Edward Crawford," and ordering that he be sent and put in possession of all of her property.)
On May 7, 1947, in the instant action, Norah confirmed a previously entered preliminary default, no appearance having been made by Crawford. However, before the default judgment was signed, Crawford, through his counsel, moved for a new trial and it was granted. Crawford then answered (June 11, 1947) denying Norah's alleged ownership of a one-half interest in the property or interest in the succession of Louise Williams Crawford, and averring that he has no right to effect a partition.
On October 20, 1947, Edward Crawford (defendant herein) brought a direct action (by petition and citation) against Joseph Norah (plaintiff herein) in the above mentioned succession proceedings of Louise Williams Crawford seeking to annul the judgment which recognized Norah as the sole heir at law of the decedent. In his petition therein Crawford alleged that the submitted affidavits of Ellen Merritt and Josephine Howard, on which the possession judgment was based and which purported to establish that Joseph Norah was born of a marriage between decedent and Joseph Norah, Sr., were fraudulent, false and untrue for the reason that no such marriage ever occurred. Crawford further alleged: "That your petitioner's interest in the said judgment grows out of the fact that he owns an undivided one-half (1/2) interest in said property, having purchased the same jointly with the said Louise Williams, widow of John Rogers, on the twelfth day of November, 1937, and that the said judgment of possession recognizing the said Joseph Norah as the owner of the other undivided one-half (1/2) interest effects your petitioner's title to said property by forcing him to recognize a co-owner, who obtained his claim of title through fraud perpetrated upon this court, and whom your petitioner knows has no interest therein, and who is presently seeking through a partition suit in this Honorable Court, being suit No. 275-204 entitled `Joseph Norah versus Edward Crawford', *753 wherein he seeks to bring about a sale of said property through partition suit based on said fraudulent judgment of possession, sought to be acknowledged herein, and that if a partition sale is ordered in said suit, the title to said property will be clouded and and thereby effect the rights and interest of your petitioner therein; that accordingly said judgment should be annulled and set aside."
To Crawford's petition in the succession proceedings Norah excepted, averring that it did not disclose a legal cause or right of action. The court, following a hearing, rendered a judgment on November 7, 1947, maintaining the exceptions and dismissing Crawford's direct action. It held, as the brief of counsel discloses, that Crawford was without interest in the estate of Louise Williams Crawford and, therefore, without right to question the manner of its disposition. No appeal from that judgment has since been taken.
On November 21, 1947, Crawford again specifically attacked the succession proceedings' possession judgment (this time collaterally) through an exception of no right of action and a supplemental answer filed in the instant partition suit. In the exception of no right of action, he set out: "That the said plaintiff does not have a right of action against acceptor for the reason that his said petition or right of action is based on a judgment of possession in the proceedings entitled Succession of Louise Williams Crawford, No. 272-704 of the Docket of the Civil District Court, wherein the said plaintiff was recognized as the son and sole heir of the said Louise Williams Crawford. That the said judgment is an absolute nullity, having been obtained through fraud and ill practice fostered on the Court through false affidavits and testimony of the witnesses, Ellen Merritt and Josephine Howard to the knowledge of the said Joseph Norah."
In the supplemental answer he alleges:
"Further answering the claim of the plaintiff to the effect that he acquired his undivided interest to the property referred to in his petition through a judgment of possession from the succession of Louise Williams Crawford, No. 272-704 of the docket of the Civil District Court; respondent shows that said judgment is an absolute nullity, as the same was obtained through fraud and ill practice perpetrated upon the court by false affidavits to the effect that the said Joseph Norah was the son of Louise Williams Crawford by her marriage to a man by the name of Joseph Norah; that no such marriage ever existed or was ever consummated, which fact was known to the witnesses, although they falsely swore to the contrary, all to the knowledge of the plaintiff.
"That your defendant now pleads nullity of the said judgment which is the basis of plaintiff's cause of action."
On December 9, 1947, Norah through his counsel, excepted to Crawford's answer herein "* * * in that the said answer discloses that it is res judicata for the reason that the judgment in succession proceedings entitled `Succession of Louise Williams Crawford,' No. 272-704, Division `C', Docket 1, was attacked in Division `C' and the said attack was dismissed by the Honorable Judge of Division `C' and further said attack was based on the same reasons offered by the defendant, Edward Crawford, in these proceedings."
Thereafter, trial of this case commenced in Division "E" of the Civil District Court of Orleans Parish. Before its completion, however, the court considered and sustained Norah's plea of res judicata. Whereupon, it rendered and signed a judgment recognizing Norah and Crawford as co-owners in indivision of the property in question, each in the proportion of one-half, and ordering a partition thereof by licitation.
Crawford appealed from this judgment. And in this court, following the lodging of the transcript, Norah again pleaded res judicata.
As stated in R.C.C. Article 2286, "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." And in R.C.C. Article 3556, paragraph 31, it is said: "Thing adjudged *754 is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal."
In the interpretation of these codal provisions the following jurisprudence has evolved and become firmly established: "It matters not under what form, whether by petition, exception, rule or intervention, the question be presented, whenever the same question recurs between the same parties, even under a different form or procedure, the exception of res judicata estops." City Bank of New Orleans v. Walden, 1 La.Ann. 46, 47; Consolidated Association of the Planters of Louisiana v. Mason, 23 La.Ann. 618; Sewell v. Scott, 35 La.Ann. 553; Greenwood Planting and Manufacturing Company v. Whitney Central Trust & Savings Bank, 146 La. 567, 83 So. 832; Carbajal v. Bickmann, 192 La. 56, 187 So. 53. "The estoppel extends to every material obligation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined therein." Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805; Buillard v. Davis, 185 La. 255, 169 So. 78; Succession of Fitzgerald, 192 La. 726, 189 So. 116. "Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal." Heroman v. Louisiana Institute of Deaf and Dumb, supra; Pitts v. Neugent, 187 La. 694, 175 So. 460. "Whether the reasons upon which it was based were sound or not, and even if no reason at all were given, the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness." Heroman v. Louisiana Institute of Deaf and Dumb, supra; City of New Orleans v. Citizens' Bank, 167 U.S. 371, 407, 17 S.Ct. 905, 914, 42 L.Ed. 202, 215.
The correctness of the judgment appealed from sustaining the plea of res judicata, in our opinion, depends on the correctness of the judgment sustaining the exception of no right of action in the direct action brought in the succession proceedings, since it is the foundation of the plea of res judicata. It is admitted that the plea was sustained because plaintiff in that action, and defendant in this action, was without interest in the Estate of Louise Crawford.
In the case of Fleitas v. City of New Orleans, 51 La.Ann. 1, 24 So. 623, this court stated: "Before a person can question the rights of others in respect to a certain subject-matter, he must have a legal interest therein himself."
Article 15 of the Code of Practice says that "An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action", and this court has repeatedly said that one without a pecuniary interest has no judicial standing in the courts.
It is noted that, as far as Crawford's allegations of his petition in the direct action go, he did not disclose a pecuniary interest in directly attacking the judgment of possession, and hence had no right of action and the judgment so holding was correct. It matters not that he failed to take an appeal and that the judgment is final. He has stated a cause of action but was prevented to present it because of his lack of interest in the Succession proceedings. His cause of action was never adjudicated in his direct action.
It is plaintiff Norah's contention that defendant had no right to attack the judgment sending him in possession in the partition suit, since he had no interest in his plaintiff's undivided half interest and he could not attack the judgment collaterally. We cannot agree with that contention.
This is a partition suit. A different situation exists herein than that presented in his direct action. In the direct action, he sought to use his cause of action as a weapon of offense, but in this case, he is seeking to use his cause of action as a weapon of defense. This, he can do because Code of Practice Article 15 states, "but as soon as that interest arises, he may bring his action." His interest arose when he was *755 made a defendant in this partition. His position is further sustained by the decisions of this court.
Ownership of an interest is a necessary pre-requisite to an action in partition, and is an issue necessarily presented in such a proceeding. Samuels v. Parsons, 146 La. 262, 269, 83 So. 548.
In the case of Aucoin v. Engeron, 165 La. 319, 115 So. 576, 578, it is stated:
"(1, 2) Appellant complains of the introduction in evidence, over his objection, of the deed and power of attorney thereto attached by which his vendor acquired the interests of the Bourgs in question. We find no error in the ruling admitting the evidence. The ground of plaintiff's objection was that, in a partition suit, the law forbids any inquiry into the title of the property. That is the same as saying that the right of every co-owner to demand a partition of the property owned in common is absolute, may be exercised at any time, and is not subject to any defense. But, in a suit for a partition, ownership is the basis of the action. It must be alleged and proved, and the defendant may inquire into the validity of the proceedings whereby plaintiff acquired the title upon which he sues. Civ. Code, art. 1320; Bauman v. Pennywell, 160 La. 555, 107 So. 425; Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800; Metropolitan Bank v. Times-Democrat Publishing Co., 121 La. [547], 549, 46 So. 622; Wells v. Files, 136 La. [125], 142, 66 So. 749.
"(3) The defendant in a partition suit has an interest, not only in the price to be obtained by a public sale of the property, but also in the validity of the title to be conveyed. Knapp v. Dupont, 149 La. 491, 89 So. 631; Hewes v. Baxter, 45 La. Ann. 1049, 13 So. 817.
"In Thibodeaux v. Thibodeaux, referred to supra, this court held, citing authority therefor, that, in the action for partition, the necessity for plaintiff's allegation and proof of ownership is of itself a concession of the defendant's right of denial and counter proof; that, where the plaintiff alleges his ownership, as he is bound to do, and asks the court to recognize it and order the property partitioned between him and those he sues, `he challenges the latter for all the purposes of the case, and they have no choice in the matter, but must come into court and then and there meet the issues tendered including the issue of ownership vel non in the plaintiff, which they find upon the threshold.'".
In the case of Continental Securities Corp. v. Wetherbee, 187 La. 773, 175 So. 571, 578, it is stated:
"(8) In bringing the partition suit, plaintiff must necessarily show that he is a coowner with the defendant Wetherbee; otherwise, plaintiff has no standing to request the court to partition the property.
"(9) `In partition suit, ownership must be alleged and proved, and defendant may inquire into validity of proceedings whereby plaintiff acquired title upon which he sues.' Bauman v. Pennywell, 160 La. 555, 107 So. 425; Samuels v. Parsons, 146 La. 262, 83 So. 548."
The allegation of ownership of an interest is fundamental and essential to an action of partition. It often has been held that the question of title may be put at issue in a suit for partition. This holding is clearly expressed in Durbridge v. Crowley, 43 La. Ann. 504, 9 So. 95.
In the case of Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800, 801, it is stated: "The counsel for the plaintiff insists that the inadequacy of the price affords no ground for a collateral attack upon his title. Ownership is, however, the basis of the action for partition which has been brought by the plaintiff, and it must be alleged and proved, and the necessity for such allegation and proof is of itself a concession of the defendants' right of denial and counterproof. Civ. Code, art. 1320; Davis' Heirs v. Elkins et al., 9 La. [135], 147; Michel v. Davis' Heirs, 12 La. 152."
The above cases clearly set out the rule that in the action of partition the defendant can collaterally attack the judgment sending plaintiff in possession, the basis of his claim of ownership of an undivided one-half interest in the property in dispute.
*756 Testing the plea under consideration in the light of the quoted codal provisions and the jurisprudence, we conclude that the plea herein filed, based on the judgment sustaining the exception of no right of action and dismissing his direct action, is not meritorious and should be overruled for three reasons: First, the issue in the direct action was the interest or lack of interest in plaintiff to attack the judgment. The issue in the partition proceedings is the night of plaintiff to sustain this alleged ownership of an undivided interest in the property. The actions and issues are not the same. Second, the thing adjudged by the judgment relied upon was the lack of interest of Crawford in directly attacking the proceedings in the succession of Mrs. Crawford. Crawford's cause of action was not considered and therefore not adjudicated. In the third place, while the parties are the same, they do not appear against each other in the same quality, a requisite to sustain the plea. In the former suit in which the defendant appeared as a plaintiff, he had no interest in attacking the judgment under which title to that part of the property allegedly inherited by the present plaintiff from his deceased mother rests. He was an interloper, or intermeddler, as he was not claiming to be an heir of Mrs. Crawford. In other words, he was without quality. In the instant case, he is made a party defendant by virtue of his indivisible co-ownership and it is in that quality that he appears to defend the suit for partition that has been instituted against him, and he has a right, therefore, in resisting the suit, to question plaintiff's title on which the demand for partition depends.
For these reasons assigned, the judgment appealed from is annulled, reversed and set aside. It is now ordered, adjudged, and decreed that the plea of res judicata be and the same is overruled, and this suit is hereby remanded to the Civil District Court for the Parish of Orleans, Division "E", there to be proceeded with in accordance with law and the views herein expressed. The costs of this appeal are to be borne by plaintiff-appellee, all other costs to await the final results of the suit.
HAMITER, Justice (dissenting).
On and as a consequence of the institution of this partition suit there arose in favor of Crawford the right to inquire into the validity of the proceedings whereby Norah acquired the title upon which he sues. And for making the inquiry two courses were available to him, one being by a collateral attack in this suit and the other by a direct attack in the succession matter (Cause No. 272-704 on the docket of the Civil District Court of Orleans Parish) in which Norah's judgment of possession was rendered.
Crawford elected to pursue the latter course, filing in the succession matter a petition in which he asserted the invalidity of the possession judgment on the ground of fraud and, additionally, alleged that Norah "is presently seeking through a partition suit in this Honorable Court, being suit No. 275-204 entitled `Joseph Norah versus Edward Crawford' wherein he seeks to bring about a sale of said property through partition suit based on said fraudulent judgment of possession, sought to be acknowledged herein, and that if a partition sale is ordered in said suit, the title to said property will be clouded and thereby effect the rights and interest of your petitioner therein; that accordingly said judgment should be annulled and set aside."
To the petition in the direct action Norah tendered exceptions of no right and no cause of action. The exceptions, levelled at Crawford's allegations, were sustained and the action dismissed. The court held, as the majority opinion herein shows, that Crawford was without interest in the estate of Louise Williams Crawford and, therefore, without right to question the manner of its disposition. From the judgment Crawford took no appeal.
Thereafter, Crawford pursued the other course available to him for assailing the possession judgment, it being a collateral attack in the instant partition suit by means of an exception of no right of action and an answer in both of which he averred the perpetration of fraud. To this collateral attack Norah pleaded res judicata. The court sustained this plea and rendered judgment in favor of Norah ordering a *757 partition of the property. Crawford appealed, thereby presenting for our consideration the question of the correctness of the ruling on the plea of res judicata.
When the two attacks of Crawford (direct in the succession proceedings and collateral in this suit) are tested in the light of the codal provisions and jurisprudence correctly quoted in the majority opinion I can conclude only that the plea of res judicata herein, based on the judgment dismissing his direct action, is meritorious. The thing demanded in each attack is identical; the demand is founded on the same cause of action; the demand is between the same parties and formed by them against each other in the same quality; and the unappealed judgment in the direct action is final, the time for appealing therefrom having elapsed. That demanded by Crawford, as plaintiff in the succession proceedings and as defendant in the instant suit, is the annullment of the ex parte judgment recognizing Norah as the sole heir at law of Louise Williams Crawford and putting him in possession of her property. In making the demand Crawford takes the position in each attack that (1) Norah's judgment of possession was obtained through fraudulent practices by means of false affidavits and (2) that such possession judgment adversely affects the title to his one-half interest in the property. Presented by the demand in each suit, hence, are two issues, they being whether Crawford is interested in the possession judgment, or his property is thereby affected to the extent that he has a right to attack it, and, if so, whether it was obtained by fraud.
In the succession proceedings the court, without passing on the issue of fraud, ruled that Crawford lacked sufficient interest to make the attack and it sustained Norah's exceptions, as before stated. The ruling resulted from a consideration of Crawford's allegations (above quoted) which were that Norah was seeking through a pending partition suit (the instant action), based on the fraudulent possession judgment, to bring about a sale of the property.
In the instant action, before the issue of fraud can be considered, there must be determined the same question of whether or not Crawford is interested in the possession judgment sufficiently to afford him the right to assail its verity.
It is true that the procedure by which Crawford urges each of his identical nullity demands is not the same. In the succession proceedings the resorts to a direct attack by way of petition and citation, whereas here he makes a collateral attack in and through an exception and an answer. "A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law, in a proceeding instituted for that very purpose, in the same action and in the same court; * * *. A collateral attack is an attempt to impeach the judgment by matters be hors the record, before a court other than the one in which it was rendered, in an action other than that in which it was rendered * * *." 49 C.J.S., Judgments, § 408. But the different forms of procedure by which the issues are raised are of no moment, with respect to the res judicata doctrine, as is clearly pointed out in the previous decisions of this court cited in the majority opinion.
Of course it is important (in addition to the factors hereinabove discussed) that the demand be between the same parties and formed by them against each other in the same quality. And this requirement appears to be completely satisfied here. In both causes the parties are identical and the dispute concerns each litigant in his individual capacity or quality. The situation is not the same as that of a party appearing in one suit as an individual and in the other suit in a representative capacity or quality.
It is my opinion that in the direct action in the succession proceedings, in view of the allegations of the petition there that the partition suit had been instituted and was then pending, the district court erred in dismissing the demand of Crawford on the ground that he was without sufficient interest to question the possession judgment's validity. Further, Crawford's remedy for correcting the error, I think, was to appeal from the judgment timely. This he did not do. As a consequence such issue of interest, the same as is presented here and the consideration of which is a prerequisite to a determination *758 of the question of fraud, has become the thing adjudged (even though decided erroneously) and it cannot again be litigated between the parties.
I respectfully dissent.