McBRIDE, Judge.
Appellants complain of three judgments herein.
The first, dated June 4, 1963, (rendered on a rule brought by decedent’s widow) recalls and sets aside the appointment and qualification of Mrs. Mamie Favalora Durr (a child of decedent by a former marriage) as administratrix and decrees said office vacant because it appeared Mrs. Durr had qualified prematurely in that the inventory of decedent’s estate which is the basis for one’s qualification as administrator was made subsequent (approximately a year) to the administratrix taking office. See C.C.P. arts. 3094, 3151. The judgment also declared the aforesaid inventory (made by Adkins, Notary Public) to be without effect because the witnesses who had attended the taking thereof did not sign the procés verbal. See C.C.P. arts. 3132, 3133. Said judgment of June 4, 1963, also appoints Mrs. Mercedes Owens Favalora (decedent’s widow) as administratrix, and orders an inventory to be made by LoCoco, Notary Public. In due course an inventory was made by LoCoco and a procés verbal thereof filed, after which Mrs. Favalora qualified as administratrix and letters as such *199 were issued to her. No appeal was taken from said judgment.
The second judgment under attack was rendered October 18, 1963. Said judgment awards John E. Adkins, Jr., an attorney’s fee of $200.00 for services rendered during the period of Mrs. Durr’s administration but denies him a notarial fee for making the inventory the court had previously declared ineffective. Said judgment also dismissed two rules brought by the children of decedent against the administratrix. Adkins and decedent’s children have appealed from the October 18, 1963 judgment.
The third judgment was rendered December 6, 1963, and dismisses the opposition of decedent’s children to the application of the administratrix to sell certain succession effects at private sale. Said opponents appealed devolutively therefrom.
The Judgment of June 4, 1963.
We have no power to review same for the simple reason no appeal was taken from the judgment which is now res judi-cata.
The Judgment of October 18, 1963.
Appellant Adkins contends his attorney’s fee should be increased to $500.00. He points out that the decedent’s estate has a gross value of $7,485.00, and a net value of $4,220.00. Appellant Adkins rendered his services up to December, 1962, or for about a year. Our opinion is that the award of $200.00 is adequate compensation for such legal services as were rendered to the succession and the first administratrix. Whereas Adkins’ purported inventory was declared to be without effect and the succession derived no benefits therefrom, the denial of a notarial fee was proper,
 Nor do we find error in the judgment of October 18, 1963, insofar as it dismisses the rules of October 3, 1963, brought by Mesdames Durr and Bordes. By said rules said appellants sought on several grounds to set aside as erroneous the un-appealed judgment of June 4, 1963. Thus, they were endeavoring by rule to have the correctness of said final judgment reviewed by the court. The rules were prop dismissed. The law is well settled that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal. Norah v. Crawford, 218 La. 433, 49 So.2d 751; Pitts v. Neugent, 187 La. 694, 175 So. 460; Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805.
By said rules said appellants also sought the removal of Mrs. Favalora as administratrix. One ground urged for her dismissal is that there is a conflict of interest between Mrs. Favalora and the heirs in that she is claiming certain property as belonging to her separate and paraphernal estate, while the heirs claim such property belongs to the community. Such conflict of interest, if it can be called such, does not constitute a ground warranting the removal of the administratrix from office. The dispute could readily be resolved by the court on proper legal proceedings instituted by the heirs.
It is also said that Mrs. Favalora should be removed from office because the succession has a claim for the refund of certain monies deposited by decedent on a real estate transaction which may be lost unless timely prosecuted. There is no semblance of proof Mrs. Favalora has been or will be derelict in her duties as ad-ministratrix, and this ground urged for her removal is clearly without merit.
The Judgment of December 6,1963.
The opponents to the proposed private sale by the administratrix of certain succession assets appealed devolutively from the dismissal of their opposition. The order of court approving the application of *200 the administratrix to make such sale not having been stayed by suspensive appeal or otherwise, the administratrix proceeded to and did confect the private sale. This court is not authorized to undo what the administratrix has done, and the appeal is therefore moot.
For the above reasons, the judgments appealed from are affirmed.
Affirmed.