GULOTTA, Judge.
In this workmen’s compensation declaratory judgment suit, in which the defendant- *1251 employer and its insurer seek to ascertain entitlement to death benefits between contending parties, judgment was rendered dividing all future death benefits between a surviving spouse, Linda Fenton Jacob (on one hand) and two minor children (on the other hand) born from decedent’s earlier marriage.[1] At the time of decedent’s death the minors were approximately fourteen (14) and nine (9) years of age.
In Jacob v. Godchaux-Henderson Sugar Co., Inc., 350 So.2d 274 (La.App. 4th Cir. 1977), writ refused, 352 So.2d 238 (La.1977), we concluded the plaintiff-widow, (second wife, who alone sought relief), was entitled to receive workmen’s compensation death benefits. A subsequent suit filed by decedent’s minor children for death benefits was dismissed on a plea of prescription.[2] In the interim the minors were permitted, by leave of court, to intervene in the surviving spouse’s suit for death benefits although the judgment in the widow’s suit was pending on appeal in this court.[3] In a subsequent hearing on exceptions to the order allowing the intervention, judgment was rendered in the trial court permitting the intervention by the minors in the widow’s suit and recognizing the “right of the minors to proceeds” under the Workmen’s Compensation Act.[4] No appeal was taken from that judgment. Thereafter, a declaratory judgment was sought to establish the rights of contending parties.
In the judgment on appeal the trial judge ordered that all future workmen’s compensation death benefits be divided “ . between Linda Jacob by one payment and to the minors Randay and Shane Jacob through their attorney of record.” In the earlier Jacob v. Godchaux-Henderson Sugar Co., Inc. suit, supra, the widow alone had been awarded thirty-two and one-half percent (32V2%) of the average weekly wages of the decedent in accordance with LSA-R.S. 23:1232(1).
In this appeal, the widow, Linda Fenton Jacob, relying on LSA-C.C.P. arts. 1031 and 1033[5] contends that because the judgment permitting the intervention and recognizing the minor’s rights to workmen’s compensation proceeds was rendered (January 27, 1978) after writs in her compensation suit were denied in the Supreme Court (November 23, 1977), the intervention was untimely. The widow further contends that the judgment reducing her percentage of death benefits constitutes a money judgment which went beyond the relief sought in the petition for declaratory judgment and as a result she was denied due process of law by depriving her of property without notice and without an opportunity to be heard.
We reject the widow’s claim, raised in this appeal, complaining of the untimeliness of the intervention in the trial court. The judgment permitting the intervention and recognizing the minors’ rights to workmen’s compensation death proceeds was rendered after a hearing and notice of that judgment was sent to all parties on January 30, 1978. No appeal has been taken from *1252 that judgment and it has now become final. A party cannot be allowed to seek relief in this appeal from an earlier judgment when the time has expired for perfecting that appeal and the earlier judgment has become final.[6]
We reject further the widow’s claim that the judgment appealed from is a money judgment reducing her portion of death benefits and went beyond the relief sought in the petition for declaratory judgment without affording her notice and an opportunity for a hearing, thereby depriving her of property without due process of law.
The motion for declaratory judgment seeks “an appropriate order which will prevent any possible payment by defendant (Godchaux-Henderson Sugar Co., Inc. and its insurer) in excess of their legal liability under the Louisiana Workmen’s Compensation Act, . . . ” We do not construe a judgment which divides future workmen’s compensation death benefits, and thereby limiting and setting forth the insurer’s liability, inconsistent with relief sought in the declaratory judgment motion. The judgment rendered appears to be consistent with the relief sought. The contending parties were aware, or should have been aware by a mere reading of the motion for declaratory judgment, of the issues involved, the relief sought and the effect of granting that relief on each of the parties in interest.
Moreover, attached to the motion for declaratory judgment was a show cause order. A copy of that order and the motion was sent to the widow’s attorney of record. Furthermore, the judgment indicates that all parties in interest were represented and present at the hearing. Under the circumstances we find no merit to the widow’s claim of deprivation of property without due process of law.[7]
Having so concluded, we affirm the judgment of the trial court.

AFFIRMED.

. Not contested is the fact that in divorce proceedings between the decedent and the mother, Dolly Millet Jacob Pike, the custody of the minor children was granted to decedent.

. See Pike v. Godchaux-Henderson Sugar Co., Inc., 354 So.2d 724 (La.App. 4th Cir. 1978).

. The order permitting the intervention was signed on April 13, 1977. The appeal of the widow’s suit was lodged in this court on March 10, 1977 and the judgment in favor of the widow became final on November 23, 1977.

. This judgment was rendered on January 27, 1978.

. LSA-C.C.P. art. 1031 reads as follows:
“Art. 1031. Incidental demands allowed. A demand incidental to the principal demand may be instituted against an adverse party or against a third person.
Incidental demands are reconvention, intervention, and the demand against third parties.”
Art. 1033, in pertinent part, reads as follows:
“Art. 1033. Delay for filing incidental demand.
An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092. . ”

. Norah v. Crawford, 218 La. 433, 49 So.2d 751 (1950); Succession of Favalora, 169 So.2d 197 (La.App. 4th Cir. 1964), writ denied, 247 La. 355, 171 So.2d 476 (1965); Roddy v. Independent Oil and Chemical Workers U., 233 So.2d 714 (La.App. 4th Cir. 1970).

. Mongogna v. O’Dwyer, 204 La. 1030, 16 So.2d 829 (1943); Smith v. Department of Public Safety, 254 So.2d 515 (La.App. 4th Cir. 1971).