## A-1 DAHILL MOVING & STORAGE CO., INC. et al. v FRANTZ

Case No. 87-134AP County Court Case No. 84-11540SP05)

Eleventh Judicial Circuit, Appellate Division, Dade County

December 28, 1987

### APPEARANCES OF COUNSEL

**Melvyn Trute** for appellants.

**Jeffrey Frantz** for appellee.

Before HENDERSON, FEDER, DONNER, JJ.

### OPINION OF THE COURT

FEDER, R.Y.

There are two issues on appeal;

I. Whether the Trial Court erred in entering a judgment against corporate defendant, Dahill Moving & Storage Co., Inc., when Dahill was acting within the scope of its authority for its disclosed principal, Bekins Van Line, Inc.

II. Whether the Trial Court erred in entering judgment against the individual defendant, Dorchuck, when service of process on Dorchuck had been quashed by Court order previously.

I. In order for an agent to avoid personal liability on a contract entered into on behalf of his principal, he must disclose that he is acting in a representative capacity, and reveal the identity of his principal. A review of the trial transcript shows that the Court was presented with evidence sufficient to establish that Dahill was in fact the agent of the disclosed principal, Bekins Van Lines. At the time of contract, the Plaintiff was given a booklet with a Service Order which clearly states "Bekins" in large bold print at the top of the form. The booklet itself has the word "Bekins" in large print on the front and back cover as well as on the inside. Furthermore, the confirm-o-gram sent after the contract was executed also has the word "Bekins" in large, bold print.

Although Dahill never expressly stated they were acting for Bekins, the record is clear that a reasonable person would assume that they were dealing with Bekins or an authorized agent of Bekins. Where the principal is disclosed and agent is known to be acting as such, as indicated, the agent cannot be personally liable. *Blount v. Tomlinson,* 49 So.2d 751 (Fla. 1909). *Smith v. Platt Motors, Inc.,* 137 So.2d 239 (Fla. App. 1st DCA 1961).

II. It is basic law that a judgment is void if entered against a defendant on whom jurisdiction has not been obtained by proper service of process. The record indicates both an order quashing service of process and a stipulation entered into at the time of trial that Dorchuck had not been served.

In *Knight v. Global Contact Lens, Inc.,* 319 So 2d 623 (Fla. App. 3d DCA 1975) the Court held that before a final judgment for damages may be entered against an individual, *in personam* jurisdiction must be obtained. This was never accomplished.

Nor is this lack of personal jurisdiction over Dorchuck cured by his simply attending the trial and participating as a witness. Without the Defendant having been served with a copy of the Summons and Complaint, the Court had no jurisdiction over Dorchuck. Accordingly, the judgment must be reversed on both counts.