No. 11,068.

IN THE MATTER OF THE STATE OF LOUISIANA EX REL. WILLIAM C. BAUMANN VS. WILLIAM L. LANGRIDGE, SHERIFF OF THE PARISH OF JEFFERSON.

At the time the petition was filed, the relator was in the custody of the sheriff of Jefferson parish, awaiting a hearing and preliminary examination before the judge of the district, who was absent.

Alleging the absence of the district judge the accused applies to the Supreme Court for a writ of *habeas corpus*, that he may obtain either his release unconditionally, or under bond.

The writ of *habeas corpus* is one of right, but not one of course.

A party seeking to avail himself of it, is not at liberty to select for himself absolutely the time or place for relief, or the tribunals through which it is to be obtained.

State ex rel. Baumann vs. Sheriff.

The court will not entertain and grant the writ where a hearing may be had before a competent lower court, unless there should be special circumstances in the case making immediate, direct action or intervention necessary or expedient.

The application is not maintainable, either as a matter of pleading or as a matter of fact.

As a matter of pleading the averment of absence is defective in not declaring that there was good ground for believing that it would be protracted a length of time as would work an unreasonable delay in the administration of justice and in obtaining, in a legal sense, speedy relief. 35 An. 609; 40 An. 5.

As a matter of fact, in argument of the case it was announced, and it was not denied, that the district judge has returned, and is now in the district.

In the exercise of the discretionary powers of the court to take or not to take action, it being evident that there has not as yet been any unreasonable delay in the matter of a preliminary trial, the writ is refused without prejudice.

APPLICATION for Writ of *Habeas Corpus.*

---

*H. N. Gautier, P. L. Fourchy* and *A. D. Henriques* for the Relator.

---

*Gervais Lèche,* District Attorney, *M. J. Cunningham, Jr.,* acting for the Attorney General, now absent, and *Evans & Dunn,* for the Respondent.

---

The opinion of the court was delivered by

NICHOLLS, C. J. The court having decided to decline granting the relief prayed for in this proceeding, upon grounds not involving the merits of the application, it is not deemed necessary to make any extended statement of the pleadings or facts of the case.

It suffices to say, for the purpose of explanation, that the relator, James C. Baumann, was arrested by the defendant sheriff under authority of a warrant of arrest issued by Victor Estopinal, one of the justices of the peace of the parish of Jefferson, based on an affidavit charging him with having committed a crime in the said parish, and that at the time of the filing of the petition herein the relator was in the custody of the said sheriff awaiting a hearing and preliminary examination before the Honorable Emile Rost, judge of the Twenty-first Judicial District (of which the said parish formed a part), under a commitment to that effect issued by the same justice; that the accused had not as yet obtained such hearing or examination by reason, it is alleged, of the absence of the district judge from the State, who is averred to be the only judge of competent jurisdiction authorized to act in the premises.

It was under this condition of things that the present application was addressed to this court for a writ of habeas corpus, under and through which the relator seeks to be either released unconditionally or under benefit of bail.

Whilst the writ of habeas corpus is one of right, it is not one of course. A party seeking to avail himself of it is not at liberty to select for himself, absolutely, either the time or place for relief or the tribunals through which it is to be obtained. So far from conceding it to be the duty of this court to entertain and act under each and every application for the writ on which we might legally do so, we are of the opinion that we should abstain from action where this may as well be done in competent lower courts, unless there should be special circumstances in the case making immediate direct action or intervention necessary or expedient.

In taking this position we are establishing no new rule, as will appear by reference to pages 167, 178, 185, 203, 208 of the American and English Encyclopedia of Law and the authorities there cited, and to the notes upon those pages. See also Paul McCarty's case, 2 Martin (O. S.) 280, and 7 An. 382.

It is claimed that the present application does show a special circumstance in the absence of Judge Rost from the State. We do not think so. The position is not maintainable, either as a matter of pleading or as a matter of fact. As a matter of pleading the averment of absence is defective in not declaring that there was ground for believing that it would be so long protracted as to work an unreasonable delay in the administration of justice and in the obtaining, in a legal sense, of speedy relief. 7 An. 382; 35 An. 609; 40 An. 5.

As a matter of fact the argument loses its force, as it was orally announced to the court on the argument of the case, and not denied, that at that time Judge Rost had returned to his district.

It is contended, however, that our decision should be based upon the state of things existing when this application was made, and not upon the status of the case at the time of the decision.

As the fact referred to has no bearing upon the question of the legality or illegality of the arrest and detention of the relator, and serves no purpose further than that of furnishing us a light by which to be guided in the exercise of our discretion as to taking or not

taking action in this matter, we see no reason for applying the principle invoked.

For the reasons herein assigned it is ordered, adjudged and decreed that the writ of habeas corpus be refused without prejudice.