Statement of the Case.
NICHOLLS, J.
Maximilien Becnel died in 1892; his widow in 1906. The issue of their marriage were seven children, Maximilien Becnel, Jr., Annette Becnel, Marie Becnel, Cleona Becnel, Eva Becnel, Philomene Becnel, and Louise Becnel.
Philomene Becnel married Charles L. Stewart, and died before the institution of this suit, leaving a number of children, of which their father was appointed tutor.
Eva Becnel married J. A. Webre, and died before the institution of this suit, leaving a number of children, of whom their father was appointed tutor.
. Cleona Becnel married her brother-in-law, J. A. Webre.
After the death of Mrs. Becnel, an inventory was taken, showing household and other movable property, some cash, and a number of mules and plantation utensils; also a plantation, with buildings upon it, cultivated in cane. Maximilien Becnel, Jr., applied for and was appointed administrator of the succession, and was authorized by the court to cultivate the land, hire laborers, and pay them.
On the 17th of April, 1906, Maximilien Becnel, Jr., in his capacity as administrator of the succession, and as one of the heirs of the deceased, joined by his sisters, Annette, wife of Emilie Laurent, Marie Becnel, wife of James A. Stewart, Cleona Becnel, wife •of J. A. Webre, and Louise Becnel, brought the present action for a partition of the property of the succession by lieitation against the minor children of Philomene Becnel, deceased wife of Charles L. Stewart, and the minor children of Eva Becnel, deceased wife of J. A. Webre; the minors being cited through their respective tutors. Emile Laurent, James A. S'tewart, and J. A. Webre joined in the suit to authorize their respective wives.
On the application of Charles L. Stewart, acting as tutor, on behalf of his minor children, and of J. A. Webre, acting on behalf of his minor children, family meetings were convoked and held before the clerk of the district court for the parish of St. John the Baptist, ex officio notary public and recorder, for the purpose of fixing the terms and conditions of the sale of said property and the minors’ interest therein.
In their petition for a partition the plaintiffs alleged that they were unwilling to remain any longer owners in indivisión of said property with the minors, and that it was not divisible in kind, and that it should be sold to effect a partition. They prayed for the appointment of experts to report whether the property was divisible in kind or not, and experts were so appointed. In due course they reported that in their opinion, after examining the property, the movables could be divided in kind without a diminution of value and inconvenience to all the parties, but that the real estate, including all of the farming utensils, etc., could not, and that a sale of the latter property was absolutely necessary to effect a partition among the co-owners.
In answer to plaintiffs’ demand, Charles L. Stewart and J. A. Webre, as tutor of their respective minor children, -after admitting the joint ownership alleged, pleaded a general denial. They prayed for strict proof of plaintiffs’ allegations. On the trial of the cause the procés verbal of the proceedings of the family meeting held in behalf of the! *747 Stewart minors, which had not been approved and homologated, was admitted without objection. That family meeting recommended a sale of the property for cash. To the introduction in evidence of the proceedings in behalf of the Webre minors.objection was made by Charles L. Stewart, the tutor of his minor children, on the ground that the domicile of the tutor of those minors, and that of the minors themselves, was in the parish of Iberville, and not in the parish of St. John the Baptist, and there was no authority for holding a family meeting in the latter parish. The objection was overruled, on the ground that an attack upon the legality of the proces verbal of the family meeting could not be made collaterally; that it should be made by direct action. Stewart’s counsel reserved a bill of exceptions to this ruling.
The family meeting on behalf of the Stewart minors was of the opinion that it was not to the interest of the minors that the real property should be sold at that time, in consideration of the lateness of the season for a public sale. It was of the opinion, and so recommended, that said property in the interest of the minors should be divided in kind; that they would be better benefited thereby than by any sale. On the trial the defendant Stewart, tutor, attempted to prove that it was to the interest of all parties that no sale of the property should be made at that time, owing to the lateness of the season, but the court overruled the objection, on the ground that the other parties had the right, under article 1289 of the Civil Code, to demand a partition at any time. A bill of exception was reserved to this ruling.
After evidence adduced, the court ordered and decreed that there be a partition in kind of the movable effects, but ordered and decreed that the real property, consisting of the plantation, mules, etc., and improvements, be sold at public auction for cash, to effect' a partition by Iicitation among the heirs.
Charles Stewart appealed.
Opinion.
This ease was submitted by both parties-to the court without argument. Defendants’’ attorney has filed no brief. No reason has-been assigned for his making no appearance, and we strongly suspect that, having,'through-the present legal proceedings, succeeded in the principal object, apparently, of his opposition (the postponing of the sale of the-real estate until after the crop of cane upon-it should have been taken off), he has abandoned his opposition. There is no evidence-in the record as to where the domicile of J. A.. Webre is. We cannot presume that it was in-the parish of Iberville, as stated. Appellants urge that, even had his domicile and that of' the minors been in the parish of Iberville, and had the proceedings of the family meeting been excluded, that fact would in no manner alter or affect the judgment of the court in. this case, first, because a family meeting on behalf of the minors was not essentially necessary in the premises, as they were defendants and not plaintiffs, and the answer of their father left the matter at issue to be decided by the court on the evidence; and, second, because the residence of their mother was in the parish of Iberville, her succession and that of her father and mother were opened in St. John the Baptist parish, and the-property sought to be partitioned was in that, parish; that, under such circumstances, the district court of St. John the Baptist would have at least concurrent jurisdiction. In support of these propositions counsel refer the court to Shaffet v. Jackson, 14 La. Ann. 157, and Crawford v. Binion, 46 La. Ann. 1263, 15 South. 693. The question of jurisdiction having passed out of the case, there is no necessity for discussing it.
*749 The right of co-owners of property to institute a suit for the partition of such property against minors who own it with them, without the prior sanction of a family meeting, authorizing the minors to stand in judgment, is beyond question. The right of the plaintiffs to sue is absolute, and is not dependent upon whether such a suit would or would not be to the interest of the minors. Civ. Code, art. 1314. So, also, this right of suit is not to be trammeled by the failure of the representatives of the minors to call for or obtain the fixing by a family meeting of the terms of a sale, so far as the interests of the minors are concerned. All that the plaintiffs are called upon to do is to see that the minors are properly represented in the suit. If the representatives of the minors fail to have those terms fixed by a family meeting, the court itself is authorized to order the sale to be made for cash, so far as those interests are involved, as was done in the present instance. The refusal of the district court to permit any inquiry to be made as to whether the property should be partitioned until after the standing crop was harvested was based evidently upon the theory that article 1289 of the Civil Code announced as an unbending rule that when a co-owner of property demanded a partition, the partition should be made immediately, without regard to existing- conditions which would make it in the interest of the other parties and right and proper that the partition should be temporarily postponed. We think the court construed too rigidly the requirements of the article cited. It was not intended, we think, to declare a cast iron rule of action, depriving the courts of all control over the subject-matter. A situation can well be conceived where it would be disastrous in the extreme to force a partition in April or May, while it would be very judicious to have it made two or three months later, and this without violating the rights of any one. The article in question should, we think, be construed as simply laying down a general, but to some extent, under judicial discretion, a flexible, rule.
Article 9 of the Constitution confers upon parties charged with crime the right to a “speedy trial”; but this right is modified by the provision in the sixth article that reasonable delays are justified. State ex rel. Baumann v. Langridge, 44 La. Ann. 1014, 11 South. 541.
This court correctly rejected as unwarranted in Land v. Smith, 44 La. Ann. 934, 11 South. 577, the right claimed by the defendant to hold the property for an indefinite time for speculative purposes, and to reach possible increased values; but that proposition differs from a prayer made and submitted to the court for a short postponement of a sale in partition, in order to avoid immediate injurious consequences from existing causes. We think that on that issue the parties should at least be heard, leaving to the court to reject the prayer if found to be incompatible with the right of the plaintiff to have the partition made within a reasonable delay. Civ. Code, arts. 2884r-2886.
We think the testimony which was sought to be elicited by the defendant under proper pleadings should be allowed to be introduced, subject to its legal effect. The only evidence we find in the record on the subject was the opinion expressed by one of the defendant’s own witnesses, that the property could be sold as advantageously in May as it could be later. We make these remarks in view of the conclusion which we have reached which makes it necessary to reverse the judgment of the district court, and to remand the case for a new trial. Our conclusion is based upon the fact disclosed by the record, though not commented upon by the defendant, that the minors are not properly in court. Though their father would generally represent them in partition proceedings, he appears in this *751 particular case both as' plaintiff and as defendant; as defendant, as tutor of the minors, as plaintiff, as joining with and authorizing and assisting his wife in making the demands she does against his minors. This objection does not carry with it the dismissal of the entire suit, but, in view of possible future litigation, it does require that the judgment appealed from should be reversed, and the cause reinstated on the docket and remanded to that court, to be proceeded with according to law, contradictorily with the minors after they shall have been properly represented; and it is hereby so ordered and decreed; the judgment of the district court herein appealed from being for that purpose hereby annulled, avoided, and reversed, and costs of appeals to be paid by the appellees.