(47 South. 511.)

No. 17,351.

STATE v. PATTERSON.

Ex parte PATTERSON.

(Nov. 5, 1908.)

1. HABEAS CORPUS (§ 44*)—JURISDICTION OF SUPREME COURT.

The jurisdiction of the Supreme Court in matter of habeas corpus is confined to cases in which it may have appellate jurisdiction. Const. 1898, art. 93.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 35; Dec. Dig. § 44.*]

2. HABEAS CORPUS (§ 3*)—EXISTENCE OF OTHER REMEDY.

The Supreme Court will not grant writs of habeas corpus when relief may be had in the courts below, except in cases of special urgency.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 3; Dec. Dig. § 3.*]

(Syllabus by the Court.)

Application of William H. Patterson for a writ of habeas corpus. Application dismissed.

Williams & Williams, for petitioner.

LAND, J. Relator recently pleaded guilty in the district court of the parish of Calcasieu to selling intoxicating liquors without a license, and was sentenced to pay a fine of $500 and to six months' imprisonment in the parish jail, and, in default of the payment of said fine and costs, to six months' additional confinement in said jail.

Relator complains that the police jury of the parish of Calcasieu has entered into a contract with one M. E. Vickers, by which it pretends to "lease" parish convicts to said Vickers for work on his turpentine farm; that said Vickers and the guards employed by him are not officers of the law, but mere private individuals; that relator and other convicts are not "leased," but are sold in absolute servitude to said Vickers; that said convicts have been subjected to outrageous and cruel treatment at the hands of said Vickers and his guards, such as daily flogging for fancied offenses; and that one of them has recently died as the result thereof.

Relator shows that he has just been placed in the custody of said Vickers, and has reason to believe that he will receive the same cruel treatment which other convicts have suffered as above recited.

Relator shows that imprisonment in said camp under the control of said Vickers and his guards constitutes cruel and unusual punishment forbidden by the state and federal Constitutions; that the selling of convicts to a private individual for his private profit is in violation of article 196 of the state Constitution, and in violation of the Constitution of the United States; and that any act of the Legislature of Louisiana authorizing such a disposition of parish convicts is contrary to said Constitutions.

Relator shows that he has made no application for a writ of habeas corpus to any court.

Relator excuses the nonproduction of a copy of the alleged lease from the police jury to Vickers for the reason that the original could not be found by the clerk of said police jury.

Relator prays that a writ of habeas corpus issue directed to the said M. E. Vickers commanding him to produce the body of the relator before this court, and after due hearing that he be released from the custody and control of said Vickers and returned to the parish jail.

The allegations of cruel treatment are supported by the report of the grand jury of the parish, from which we make the following extracts:

"We approve of the arrangement made by the police jury of the leasing of prisoners, thereby saving a considerable expense to the parish."

"We have examined into the condition of affairs at the M. E. Vickers turpentine camp with reference to the treatment of prisoners. We

find that the prisoners are underfed, and in instances are severely and indiscriminately whipped, all in utter disregard of the proper welfare and health of the prisoners, and humanity demands that these evils be discontinued. We recommend that the police jury take immediate steps to enforce compliance with the letter and spirit of the contract for the leasing of prisoners, and suggest the appointment of a superintendent or warden by the police jury to see that these prisoners are not left to the mercy of brutal guards and inhuman wardens." ·

Act No. 204, p. 304, of 1908, empowering police jurors to hire out convicts or to employ their labor on public roads, works, and farms, provides, in case of lease, for their humane treatment and hours of work. Section 4. The case before us as presented is one where the lessee of parish convicts has violated the provisions of the statute and the obligations imposed upon him by the terms of his lease. The remedy for the evils complained of may be applied by the police jury by the revocation of the lease or by compelling the lessee to comply with its terms and section 4 of the statute. For unlawful violence the lessee and his employés may be prosecuted criminally. The constitutionality of Act No. 204, p. 304, of 1908, may be tested in the district court of the parish of Calcasieu.

Article 93 of the Constitution of 1898 reads:

"The Supreme Court and each of the justices thereof, shall have power to issue the writ of habeas corpus, at the instance of any person in actual custody, in any case where it may have appellate jurisdiction."

No appeal has been taken in this case by the relator, and none can now be taken.

Moreover, this court has held in several cases that it will not entertain and grant a writ of habeas corpus where a hearing may be had before a lower competent court, except in cases of urgency. State ex rel. Baumann, 44 La. Ann. 1014, 11 South. 541; State v. Reed, 119 La. 894, 44 South. 705.

It is therefore ordered that relator's application be dismissed without prejudice.