No. 4974.

(Court of Appeal, Parish of Orleans.)

## JOSEPH BURCKEL ET AL. vs. BURCKEL MINORS.

Zengel, Thomas & Suthon for plaintiff and appellee.

Lazarus, Michel & Lazarus for defendant and appellant.

DUFOUR, J.—Henry Spellman, an adjudicatee at public sale, appeals from a judgment compelling him to take title.

The only objection urged in this court is

"that in the proceedings brought by Joseph Burckel and others against the minors, the Court entered a preliminary order upon the answer of the tutor, ordering that a family meeting be convened to fix the terms of the sale of the interest of the minors in the property sought to be partitioned, and, the family meeting have failed to convene, the Court thereupon **ex proprio motu** in the judgment of partition fixed the terms of the sale for cash; that said decree fixing said terms is contrary to and in violation of the provisions of Articles 1341 and 1342 of the Civil Code."

In support of his objection, the appellant cites **Articles 1341** and **1342, R. C. C.; 16 An. 423; 40 An. 574; 106 La.**

**1**; **12 An. 158**; **15 An. 250** and **15 An. 697**, from which may be deduced the conclusion that the sale of the interest of the minors should be on terms to be fixed by a family meeting.

But, comparing these cases with **14 An. 154** and **46 An. 1262**, the distinction would seem to be that the necessity for a family meeting ceases to exist where the minors are defendants, and the sale is not provoked by their tutours.

Such appears to be the trend of the last decision on this point in **Succession of Becnel, 117 La. 749**, in which the Court said:

> "The right of co-owners of property to institue a suit for the partition of such property against minors who own it with them, without the prior sanction of a family meeting, is beyond question. The right of the plaintiffs to sue is absolute, and is not dependent upon whether such suit would or would not be to the interest of the minors **(C. C., Art. 1314)**, so, also, this right of suit is not to be trammeled by the failure of the representatives of the minors to call \* \* \* for a family meeting."

The language quoted justifies the action of the District Judge, in fixing the terms after failure of the family meeting to do so.

Judgment affirmed.

April 18, 1910.

Rehearing refused May 2, 1910.