February 20, 1911.

———————O———————

5206.

(Court of Appeal, Parish of Orleans.)

## PHILIP SPIZALE vs. PAULINE SPIZALE LACROIX ET AL.

1. The capacity of a tutor cannot be collaterally attacked.
2. The right of co-owners of property to institute a suit for the partition of such property against minors who own it with them, without the prior sanction of a family meeting is beyond question.
3. The adjudications apparently proceed on the theory that the right to a partition is absolute and does not present any question of dependence on minors interests, and they do not draw any distinction between a sale for cash and one for terms of credit.

— 186 —

Appeal from the Civil District Court, Division "D."

E. S. Whitaker for plaintiff and appellee.

McCloskey and Benedict, for defendant and appellant.

J. W. Duffy, W. C. McLeod, E. H. McCaleb, attorneys.

DUFOUR, J.—The adjudicatee at a sale in partition proceedings refuses to accept title on three grounds:

1st. That two of the minors were not properly represented, having been cited through a dative tutor who was appointed on the recommendation of a family meeting consisting of only five members, including himself.

2nd. That the abstract of inventory recorded in the mortgage office to effect the minor's mortgage is less by one-half than the amount of the minor's interest as disclosed by the inventory.

3rd. That, without the holding of a family meeting to fix the terms as to the minors, the judge ordered the sale of the property on terms of one-third or more cash and the balance on credit.

The answer to the first objection is that it seeks to attack the capacity of the tutor collaterally, which cannot be done under established jurisprudence.

35 A. 591, 46 A. 1265, 115 La., 275.

As to the second objection, it may be said that the error was a clerical one subsequently corrected by timely registry of a second abstract covering the whole amount of the minors' interest.

The third objection is covered by the jurisprudence.

In **Burckell vs. Burckell, 7 Court of Appeal, 346,** citing **14 An. 154, 46 An. 1263, 117 La., 749,** and **Article 1314 Revised Civil Code,** we said:

"The right of co-owners of property to insti-

— 187 —

tute a suit for the partition of such property against minors who own it with them, without the prior sanction of a family meeting, is beyond question. The right of the plaintiffs to sue is absolute, and is not dependent upon whether such suit would or would not be to the interest of the minors, this right of suit is not to be trammeled by the failure of the representatives of the minors to call for a family meeting. The language quoted justifies the action of the district judge in fixing the terms after the failure of the family meeting to do so.''

The cases do not draw any distinction between a sale for cash and one on terms of credit; their reasoning appears to be based exclusively on the suggestion that the rights of co-owners to a partition are absolute and do not present the question of dependence on the interests of minors.

The opinion in **Shaffet vs Jackson, 14 An. 152,** shows that the sale which was mentioned in that case was on terms of credit.

We think the adjudicatee will be protected by the decree of the court having jurisdiction of the matter.

Judgment affirmed.

February 20, 1911.

Rehearing refused, March 20, 1911.

Writ granted by Supreme Court, April 10, 1911.

Writ recalled and denied by Supreme Court, June 29, 1911.