BREAUX, C. J.
[1] Different courts have jurisdiction to issue the writ of habeas corpus.
If a court once takes jurisdiction, other courts will not interfere, unless the necessity is manifest.
In the present case, the criminal district court has jurisdiction. Primarily, the application to reduce the amount of the bond should be made to that court; if there is any evidence to sustain the application, it should be produced and a record made up.
This court has had occasion to decline to grant application to reduce bonds. Repeated decisions hold that a large discretion is left with the court of the first instance in matter of the bond to be furnished by an accused.
The defendant is called upon to answer to a number of indictments. The court with which they were filed is doubtless familiar with these accusations and has chosen to fix the amount of the bond as it has. To the action heretofore taken, some weight must be given.
One of the grounds of the applicant to reduce the amounts of the bonds is that, unless the application be granted, he will have to remain in jail until his case is called for trial, one of the early days of July of this year.
By calling a special session and fixing the cases to be tried in that month during the warm days of the year, the court shows a commendable desire to afford an opportunity to the defendant, at any early day, to be heard. We find nothing unreasonable or arbitrary in the court’s action. The court has not gone beyond the limits of its discretion in fixing the amounts of the bonds.
[2] The following decisions also are pertinent: State v. Patterson, 122 La. 215, 47 South. 511; State ex rel. Baumann v. Sheriff, 44 La. Ann. 1014, 11 South. 541; State v. Reed, 119 La. 894, 44 South. 705.
In the first case just above cited, the court said:
“Moreover, this court has held in several cases that it will not entertain and grant a writ of habeas corpus where a hearing may be had before a lower competent court except in cases of urgency.”
There is no urgency such as would justify interference in the present case.
The court must decline to grant the application or to issue the preliminary writ to show cause. Applicant’s demand and his petition are dismissed.