194 So. 1

STATE v. FRITH.

No. 35654.

Feb. 5, 1940.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, for relator.

Coleman D. Reed, Asst. Dist. Atty., of Lake Charles, for respondents.

ODOM, Justice.

On November 6, 1939, Coleman D. Reed, assistant district attorney of the Fourteenth Judicial District for the Parish of Calcasieu, filed a bill of information against the defendant, charging that on November 3, 1939, he "did unlawfully make an assault in and upon one C. V. Pattison".

The minutes of the court sent up pursuant to our order show that on November 9 the accused with his counsel appeared in open court, waived arraignment, pleaded not guilty, and requested "that the case be fixed for hearing at the first available date", and that the district attorney objected "to the fixing of the case at this time, whereupon, the motion is denied by the Court".

Counsel for defendant immediately filed a motion to recuse the district attorney and his assistants. The motion to recuse was based on the ground that C. V. Pattison, the person alleged to have been assaulted, was district attorney for the Fourteenth Judicial District Court; that the district attorney and his assistants had a personal interest in the outcome of the case and therefore should be recused, as provided by Article 310 of the Code of Criminal Procedure. The minutes of the court do not show that defendant at that time requested that the motion to recuse be set down for trial.

There are five parishes in the Fourteenth Judicial District, and two judges, Judge Hood and Judge Pickrel. It appears that under the rules of the court the judges preside alternately in the different parishes. Judge Hood was presiding in Calcasieu Parish, where this charge was preferred, at the time the bill was filed and when the proceedings above noted took place. The minutes show that Judge Pickrel was presiding in Calcasieu on November 29, and on that date "Counsel for the defendant moves to have the Court fix trial date. This the Court declines to do". The minutes do not disclose whether counsel wanted a trial date for the motion to recuse or a date for the trial of the case on its merits. But, from the return made by Judge Pickrel, we infer that he understood that counsel wanted a date fixed for the trial of the case on its merits, for he says he could not fix a date for the trial because the motion to recuse was still pending.

The minutes for December 13, Judge Pickrel presiding, read as follows:

"Motion for recusation previously filed and also previous motions to fix case, is called to the Court's attention by Counsel for the defense. Whereupon, the District

Attorney moves to fix the motion for recusation for January 22nd., 1940.

"Counsel for the defense now moves to withdraw his former motion for recusation and files motion for a speedy trial. The Court reiterates that it has no control over the fixing, which lies strictly within the province of the District Attorney and therefore declines and refuses to order the case fixed for trial, for reasons previously assigned:—'That the Court has no control over the District Attorney's docket'.

"Counsel for the defendant now gives the Court notice of his intention to apply to the Supreme Court of the State of Louisiana for Writs of Mandamus."

Counsel for defendant filed a formal written motion, setting out that he was innocent of the charge preferred against him and that at the time the charge was filed he was a member of the grand jury and had since been dismissed from that body, all to the detriment of his good standing and reputation in the community, and that he was "entitled to a speedy trial of said case against him in order that he might prove his innocence and free himself from the shadow of suspicion that might otherwise hang over him". He prayed that the court fix the case "for trial at the earliest possible time".

Counsel applied to this court for a writ of mandamus directed to Judge Pickrel, commanding him "to grant the aforesaid application for a speedy trial" or to show cause why he should not do so. We granted the writ, and the judge has filed his return.

Section 6, Article I, of the Constitution, provides that all courts shall be open and that every person for injury done him shall have adequate remedy by due process of law "and justice administered without denial, partiality or unreasonable delay". And Article 320 of the Code of Criminal Procedure provides that:

"All persons accused of crime shall be entitled to a speedy trial, and may invoke the supervisory jurisdiction of the Supreme Court to enforce by mandamus this right."

Defendant's complaint is that he has been denied the right to a speedy trial granted accused persons by the Constitution and by the Code. Whether he has been denied that right is the only question presented for consideration, for it is conceded that, where an accused person has been denied this right, this court may, under its supervisory jurisdiction, enforce it.

From the record sent up, considered in connection with the joint return made by the judge and the district attorney, we can discover no reason why we should interfere in this case. The charge preferred against the defendant is that he made an assault upon another, which, under Section 797 of the Revised Statutes of 1870, is a misdemeanor, punishable by fine not exceeding $100 or imprisonment not exceeding three months, or both, at the discretion of the court. In making his application to this court for writs, defendant does not say that he is confined in prison as a result of this charge, nor did he make that complaint in his written ap-

plication to the district court for a speedy trial. In that application he alleged that he was entitled to, and should have, a "speedy trial of said case against him in order that he might prove his innocence and free himself from the shadow of suspicion that might otherwise hang over him". In his application to the district court for a speedy trial he alleged that, at the time the bill was filed and at the time it is charged that he made the assault, he was a member of the grand jury and that he was later dismissed from that body. But he does not base his application for a speedy trial on the ground that he is seeking, or will seek, restoration to membership of the grand jury and that before doing so he must be adjudged innocent of the charge made against him.

He alleged also that, because he is accused of assaulting C. V. Pattison, who is district attorney, the charge is a serious one. But the fact that the person upon whom the assault is alleged to have been made is an officer does not, as a matter of law, increase the gravity of the charge; so that the accused, so far as his legal rights are concerned, stands before the court charged with a misdemeanor and is entitled to the same consideration as others in the same category. He has not, so far as the record discloses, been deprived of his liberty.

Even so, both the Constitution and the Code guarantee to him adequate remedy by due process to prove his innocence, if he can, without unreasonable delay. But we see no evidence of unreasonable delay in this case. The bill was filed on November 6. Three days later, defendant waived arraignment and entered a plea of not guilty. He then asked that his case be set for "hearing at the first available date". The district attorney objected to the fixing of the case "at this time", and his objection was sustained by the court. There is nothing in the record to show or to indicate that the court was then open for the trial of misdemeanor cases under its rules, or to show the condition of the docket at that time. Nor is there anything to indicate that defendant's counsel made any serious effort to have the case fixed for an immediate hearing. Apparently they did not, because counsel then and there filed a motion to recuse the district attorney and his assistants. They did not then request that the motion to recuse be set down for hearing. The minutes show that on November 29 counsel for defendant moved to have the court "fix trial date", and that the court refused to fix a date for the trial because, as stated by the judge in his return, the motion to recuse the district attorney was pending. There was no request then made for a hearing on the motion to recuse. The minutes show that on December 13 counsel for defendant "called to the court's attention" the motion to recuse and the motion to fix the case for trial. Whereupon the district attorney "moves to fix the motion for recusation for January 22nd., 1940". Counsel for defendant then and there withdrew the motion to recuse and moved for a "speedy trial".

The case could not be tried while the motion to recuse was pending; so that the

delay from November 9, when the motion to recuse was filed, to December 13, when it was withdrawn, was caused not by the judge or the district attorney, but by the defendant himself.

▮ While the minutes do not so show, the judge says in his answer to the rule to show cause that on December 13, when counsel for defendant moved for a speedy trial, the district attorney declined to request a special date and elected to have the case go to the regular criminal term established by the rules, which regular term, as shown by the return, was in the month of January following. The judge declined to order the district attorney to set the case for a special date, on the ground that he had no "control over the District Attorney's docket". Counsel for defendant seem to have gotten the impression that the judge considered that he had no power to compel the district attorney to set the case for trial, and they seem to fear that the district attorney will intentionally hold up the trial of the case in order to harass and embarrass the defendant. While the judge did refuse to order the district attorney to set the case for a special date under the circumstances, there is nothing to show that the judge considered that he had no power or authority to order a case fixed for a special date if the fixing of such a date was warranted by exceptional circumstances.

Article 17 of the Code of Criminal Procedure provides that, subject to the supervision of the attorney general, "the District Attorney shall have entire charge and control of every criminal prosecution * *

and shall determine whom, when, and how he shall prosecute", and Article 314 of the Code of Criminal Procedure reads as follows:

"Cases shall be set down for trial in accordance with the rules of the court, provided that it shall always be within the discretion of the court, upon the motion either of the district attorney or of the defendant, or with the consent of both parties, to assign a special day for the trial of any case."

If Article 17 of the Code stood alone, the district attorney would have entire control over the criminal docket and could arbitrarily and without reasonable cause postpone the trial of any case to suit his own whim or pleasure. But that article must be read in connection with Article 314, which declares that "it shall always be within the discretion of the court, upon the motion either of the district attorney or of the defendant, * * * to assign a special day for the trial of any case".

Reading the two articles together, as we must, it is clear that the lawmakers did not intend to give the district attorney arbitrary and absolute control over the criminal docket in so far as the time for the trial of any given case is concerned. His freedom of control in that respect is subject always to the power and authority of the judge, who may, within his discretion, "assign a special day for the trial of any case", upon motion of the defendant.

▮ Under ordinary circumstances, the district attorney has entire charge of the

criminal docket in so far as the setting of cases is concerned. But, if the trial of the case is unreasonably delayed by reason of the neglect or laches of the prosecuting attorney, the judge may, at the request of the accused, compel the district attorney to set it for trial.

■ In this case the judge refused to order the district attorney to assign a special date for the trial, and therefore the question presented is whether he abused his discretion by so ruling. We do not think he did. When the case was called up on December 13, the district attorney asked that it be set for trial at the next regular term of court for the trial of criminal cases, which under the rules of the court was in January following. There are no exceptional or extraordinary circumstances connected with the case which suggest that the judge should have ordered it tried at an earlier date than the next regular term of court set apart by the rules for the trial of such cases. The case could not have been tried before December 13, because the motion to recuse was pending up to that date. It is not shown that the court under the rules was then open for trial of misdemeanors. On that day the accused was offered a trial date during the following month, which was the next regular term. This was not such an "unreasonable delay" as is prohibited by the Constitution.

■ The right of an accused person to a "speedy trial" was recognized under the common law. In the federal courts that right is secured by the Sixth Amendment to the United States Constitution, and the right is recognized by the constitutions of the various states of the Union. The purpose of these provisions is "to prevent the oppression of the citizen by holding criminal prosecutions suspended over him for an indefinite time, and to prevent delays in the administration of justice by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal accusations".

■ But this does not mean that a citizen who is arrested and accused of crime has a right to demand an immediate trial. "A speedy trial is one conducted according to fixed rules, regulations, and proceedings of law, free from vexatious, capricious, and oppressive delays. * * * The law does not exact impossibilities, or extraordinary efforts, diligence, or exertion from the courts, or the representatives of the state; nor does it contemplate that the right of speedy trial which is guaranteed to the prisoner shall operate to deprive the state of a reasonable opportunity of fairly prosecuting criminals. But if the trial, by reason of the neglect or laches of the prosecution in preparing for it, is delayed beyond such period, when there is a term of court at which it might be had, such delay is a denial to the defendant of his right to a speedy trial". Quotations from American Jurisprudence, Vol. 14, pp. 858, 859, Sec. 134, 135. See, also, 16 C.J., p. 439, §§ 794 et seq; 8 R.C.L., p. 71, § 25.

In Ex parte Ryan, 124 La. 356, 50 So. 385, 389, this court said in the course of its opinion:

"It is true the law requires justice to be administered without delay, but that

means without unreasonable and unnecessary delay." Citing State ex rel. Baumann v. Sheriff, 44 La.Ann. 1014, 11 So. 541.

Counsel for relator say in their brief that they find no cases touching directly the point here involved. They cite, however, the leading case of Hicks v. Boyne, Judge, 236 Mich. 689, 211 N.W. 35, in support of their argument that we should direct the judge in the present case to order the district attorney to fix a special date for the trial. But the cited case does not support their argument. In that case the defendant was charged with perjury, and the district attorney applied for an indefinite postponement of the criminal charge in order to await the outcome of the trial of the civil case in which it was alleged that defendant had committed perjury. The court held that the district attorney had no right to postpone the case indefinitely. The trial judge had permitted the district attorney to postpone the case indefinitely. The defendant applied to the Supreme Court for a writ of mandamus, and the appellate court, after citing 16 C. J. 439, said:

"The trial court must exercise its best judgment upon such applications, keeping in mind, however, the defendant's constitutional rights. Applying this rule to the present case, we think the trial court exceeded his discretion in postponing the case indefinitely."

The circumstances surrounding the Hicks case are so entirely different from those connected with the case at bar that it has no application. The same is true of other cases cited by counsel for relator.

For the reasons assigned, the writs heretofore granted are recalled, and the rule is dismissed.

O'NIELL, C. J., dissents.