Freeman **COLEMAN**

v.

Honorable Leonard **YOKUM**, District Attorney, 21st Judicial District, State of Louisiana.

Civ. A. No. 69–32.

United States District Court, E. D. Louisiana, Baton Rouge Division.

Dec. 1, 1970.

Sylvia Roberts, Baton Rouge, La., for plaintiff.

Leonard Yokum, Dist. Atty., Joseph H. Simpson, Asst. Dist. Atty., Twenty-First Judicial District, Amite, La., for defendant.

Before AINSWORTH, Circuit Judge, WEST and CASSIBRY, District Judges.

WEST, Chief Judge:

Plaintiff, Freeman Coleman, has been under indictment for murder since November 13, 1959, and has not yet been tried. He brings this suit for declaratory judgment and injunctive relief to prevent the State of Louisiana from prosecuting him further on the grounds that he has been denied his Sixth Amendment right to a speedy trial. Because one of plaintiff's contentions involves a claim that Article 580 of the Louisiana Code of Criminal Procedure is unconstitutional this statutory three judge court was convened pursuant to 28 U.S.C.A. § 2281 to pass upon that question.

The Sixth Amendment to the United States Constitution states in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *." The Louisiana Constitution, Article 1, Section 9, provides a similar protection. Title XVII of the Louisiana Code of Criminal Procedure further defines this right and is divided into two chapters. The first chapter deals with the time limits between the commission of a crime and the commencement of a prosecution, commonly referred to as a statute of limitations. The other chapter, in which Article 580 is found, sets a limit on the time between the institution of the prosecution and the trial. Louisiana has no time limit for the commencement of prosecution of crimes for which the death penalty may be imposed. See La.C.Cr.P. Art. 571. But even in capital cases there is a three year limitation on the time allowed between the commencement or institution of a prosecution and trial. La.C.Cr.P. Art. 578 (1). A suspension of this time limitation is provided for in Article 580 of the Code of Criminal Procedure, which states that:

"When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state

have less than one year after the ruling to commence the trial."

It is this state-sanctioned suspension of time which is under attack.

 The thrust of plaintiff's argument is that since, under the provisions of Article 61 of the Louisiana Code of Criminal Procedure " * * * the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute", the defendant in a criminal prosecution automatically loses his constitutional right to a speedy trial if he files a motion to quash and the district attorney fails to bring it on for hearing, since under Article 580, the running of the three year period of limitation established by Article 578 is suspended pending the disposition of the motion. In view of the specific provisions of Article 702 of the Louisiana Code of Criminal Procedure, and Rule IX, Section 2, of the Twenty-First Judicial District Court of Louisiana, this argument is specious. In 1940, Article 17 of the Louisiana Code of Criminal Procedure, which was the predecessor of the present Article 61, giving the district attorney control over the criminal docket, was qualified by the Supreme Court of Louisiana in the case of State v. Frith, 194 La. 508, 194 So. 1. There, the Court said that the trial court erred in rejecting defendant's request that his case be set for an early trial on the ground that the district attorney had exclusive control of the criminal docket. The Court held that Article 17, (now Article 61), had to be read with Article 314, (now Article 702), of the Louisiana Code of Criminal Procedure, which reads:

"Cases shall be set for trial by the court on motion of the state, and may be set for trial on motion of the defendant."

Thus there is no question but that a criminal case may be set for trial in the courts of Louisiana on motion made by the defendants. Rule IX, Section 2, of the Twenty-First Judicial Court of Louisiana provides that "motions and exceptions may be fixed in the same manner as provided in Section 1 [by oral or written motion] or by the Clerk of Court on the written request of any party." It is thus abundantly clear that contrary to the urging of plaintiff, the district attorney in Livingston Parish, Louisiana, does not have "exclusive control" of the criminal docket in the Twenty-First Judicial District Court. There was no impediment to plaintiff's obtaining a hearing on his motion to quash if he had really wanted to do so. Thus, the duration of the suspension of the period of limitation provided for by Article 580 is as much under the control of the defendant as it is under the control of the district attorney. The plaintiff does not suggest that there is anything unlawful about interruptions of the running of the statute of limitations when those interruptions are caused by the defendant himself in a criminal case. For example, plaintiff does not suggest that Article 579 of the Louisiana Code of Criminal Procedure is unconstitutional. That article provides:

"The period of limitation established by Article 578 shall be interrupted if:

"(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or

"(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.

"The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists."

That such a provision for the interruption of the statute of limitations is valid is beyond question. As stated in the concurring opinion by Justice Brennan

in Dickey v. Florida, 398 U.S. 30, 90 S. Ct. 1564, 1574, 26 L.Ed.2d 26 (1970):

" * * * '[t]he right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' * * * '[w]hile justice should be administered with dispatch, the essential ingredient is orderly expedition and not mere speed.' * * * It appears that consideration must be given to at least three basic factors in judging the reasonableness of a particular delay: the source of the delay, the reasons for it, and whether the delay prejudiced interests protected by the Speedy Trial Clause.

"*A defendant may be disentitled to the speedy trial safeguard in the case of a delay for which he has, or shares, responsibility.* It has been held, for example, that an accused cannot sustain a speedy trial claim when delay results from his being a fugitive from justice, *making dilatory pleadings or motions,* or failing to object when a continuance is granted the government, *or from delay occasioned by his incompetence to stand trial,* e. g. United States v. Davis, 365 F.2d 251, 255 (C.A. 6th Cir. 1966)." (Emphasis added.)

Since Article 580 of the Louisiana Code of Criminal Procedure does not necessarily preclude a defendant from obtaining a speedy trial, and since it does not give a district attorney the exclusive right or power to preclude a speedy trial, and since it does nothing more than provide for a suspension of the running of the statute of limitations when the defendant himself files preliminary motions or pleas, it is not, per se, incompatible with the Sixth Amendment guarantee of the right to a speedy trial.

There are, indeed, a number of cases which require a defendant to make a "demand" for trial. See e. g. Phillips v. United States, 201 F. 259 (8th Cir. 1912), the first federal court of appeals case to issue the demand doctrine. See also United States v. Maxwell, 383 F.2d 437 (2d Cir. 1967), cert. denied Aiken v. United States, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1968); Mathias v. United States, 126 U.S.App.D.C. 98, 374 F.2d 312 (1967); United States v. Aadal, 368 F.2d 962 (2d Cir. 1966), cert. denied 386 U.S. 970, 87 S.Ct. 1161, 18 L. Ed.2d 130 (1967); United States v. Smalls, 363 F.2d 417 (2d Cir. 1966), cert. denied 385 U.S. 1027, 87 S.Ct. 755, 17 L.Ed.2d 675 (1966); United States v. Van Allen, 288 F.2d 825 (2d Cir. 1961), cert. denied 368 U.S. 836, 82 S.Ct. 31, 7 L.Ed.2d 37 (1961); United States ex rel. Moses v. Kipp, 232 F.2d 147 (7th Cir. 1956); Chinn v. United States, 228 F.2d 151 (4th Cir. 1955). But see United States v. Banks, 370 F.2d 141 (4th Cir. 1966), cert. denied 386 U.S. 997, 87 S.Ct. 1317, 18 L.Ed.2d 345 (1967).

It is not, however, necessary for us to go that far here. Article 580, the statute being challenged, does not necessarily suspend the running of time due to inaction or a lack of "demand" by the defendant. It is based instead on an affirmative action by the defendant.

There is simply nothing constitutionally unsound about a suspension of time pending the hearing of a motion voluntarily filed by the defendant himself, especially when he has the right, under the statutes and rules of court, to request a hearing on his motion. In the absence of such a request for hearing, and in the absence of a showing of bad faith, the delays involved simply cannot automatically be charged against the district attorney. We do not concern ourselves here with the merits of plaintiff's claim that he has, in fact, been denied his right to a speedy trial. We simply hold that Article 580 of the Louisiana Code of Criminal Procedure is not per se unconstitutional. And having so concluded, this three judge court will be dissolved and the case remanded to the court in which it was filed for consideration of the remaining issues by a single district judge. An order will be entered accordingly.