**Freeman COLEMAN, Petitioner-Appellant,**

**v.**

**Hon. Leonard YOKUM, District Attorney, 21st Judicial District, Respondent-Appellee.**

**No. 71–1207**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 28, 1971.

Rehearing Denied May 19, 1971.

---

**352**

Sylvia Roberts, Baton Rouge, La., for appellant.

Leonard Yokum, Dist. Atty., Hammond, La., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

In this hybrid appeal Freeman Coleman asks this Court to reverse a three-judge court's decision upholding the constitutionality of a Louisiana statute. He appeals also from a single judge's decision refusing him an injunction against state prosecution based on the contention that he was denied a speedy trial and due process under the Sixth and Fourteenth Amendments.

Coleman was arrested in 1959 and charged with murder. A trial date was finally set for March 10, 1969, almost ten years later. He was in custody during this entire time.

February 24, 1969, Coleman filed a petition in the United States District Court for the Eastern District of Louisiana, Baton Rouge Division, seeking a three-judge court ruling on the constitutionality of a Louisiana statute, La.C. Cr.P. Art. 580 and an injunction against his prosecution by the District Attorney for the 21st Judicial District of Louisiana in the matter of "State of Louisiana versus Freeman Coleman". He invoked federal subject matter jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

The three-judge court was convened. Article 578 of the Louisiana Code of Criminal Procedure requires that a trial for a capital offense must be begun within three years after the institution of legal proceedings against the Defendant. Article 580, however, suspends the running of this time "when a defendant files a motion to quash or other preliminary plea." The three-judge court upheld the constitutionality of this statute but expressly declined to consider the merits of the plaintiff's contention that he was denied his right to a speedy trial. Coleman v. Yokum, E.D.La.1970, 320 F.Supp. 50.

This Court has no jurisdiction to review the decision of a three-judge court which has considered as a serious federal question the constitutionality of a state statute. Appeal from such a decision lies directly to the Supreme Court. 28 U.S.C. § 1253.

Judge E. Gordon West, sitting as a single district judge, found that the long delay in the State's prosecution of Coleman was, in the circumstances, "not undue or oppressive, did not cause anxiety and concern accompanying public accusation * * * and did not impair the ability of the accused to defend himself". The primary causes for the delay were examinations to determine Coleman's competency to stand trial, his commitment to the State Hospital, and hearings on motions to quash filed by Coleman and several times continued at his request. Accordingly, the court denied injunctive relief. Coleman v. Yokum, E.D.La.1970, 320 F.Supp. 54.

The Supreme Court has recently considered the circumstances in which federal courts should or should not issue injunctive or declaratory relief to abort state prosecutions. Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669; Boyle v. Landry, 1971, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Samuels v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Dyson v. Stein, 1971, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781; Perez v. Ledesma, 1971, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Byrne v. Karalexis, 1971, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792. *See also*: Gordon v. Landrieu, 5 Cir. 1971, 442 F.2d 926; Gornto v. Thomas, et al., 5 Cir. 1971, 439 F.2d 1406. Under these decisions the allegations of the complaint do not entitle Coleman to relief in the federal courts while his prosecution is pending in the state courts. In those courts he will be able to attack the constitutionality of Article 580 of the Louisiana Code of Criminal Procedure and also to assert his right to a speedy trial.

This Court does not purport to review the decision of the three-judge court.

The judgment of the one-judge district court is vacated and the case is remanded with instructions to dismiss the complaint.