WEIMER, J.,
dissenting.
hi respectfully dissent for the reasons cited in my dissent in State v. Batiste, 05-1571 (La.10/17/06), 939 So.2d 1245, 1253, quoting State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1213-14 (Weimer, J., concurring in part, dissenting in part).[1]
The State errs in arguing the trial court quashed the bill of information only because of its so-called one-continuance rule. In fact, the trial court said little about that rule and clearly articulated that it believed the State had done nothing to subpoena the documents or witness before the first trial and then did little to ensure that the late-issued subpoena was complied with for the second trial. Thus, this one-continuance argument is of no moment.
Accordingly, and contrary to the State’s argument, the trial court did review the particular facts of the instant case and appears to have believed that the State was not 12taking proper control of the case based on its prior failure to properly prepare for either trial.
I note the court of appeal majority, upon review of this record, found there was no abuse of discretion by the trial court in granting the motion to quash. The trial court had the advantage of observing the actions of the State firsthand in determining whether to grant the motion to quash.
I would find the trial court did not abuse its discretion in granting the motion to quash.

. See Baptiste, 05-1571 at 1-2, 939 So.2d at 1253, quoting Love, 00-3347 at 4-5, 847 So.2d at 1213-14:
When the State dismisses charges within seven days of trial and thereafter reinsti-tutes the charges, the State should have the burden to establish the defendant was not prejudiced. Imposing such a burden on the State would strike an equilibrium between the statutory authority of the District Attorney and the court and ensure the District Attorney has not abused the authority. Such a requirement should not be considered a limitation on the authority of the District Attorney, but rather a limitation on a potentially abusive practice. This equilibrium between the statutory authority of the court and the District Attorney was recognized in State v. Frith, 194 La. 508, 518, 194 So. 1, 4 (1940). [Footnote omitted.]